IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 08–cv–00855–LTB–KMT

THE BOARD OF COUNTY COMMISSIONERS OF THE COUNTY OF LA PLATA,
COLORADO,

      Plaintiff,

v.

BROWN GROUP RETAIL, INC.,
PLUMMER PRECISION OPTICS CO.,
BLUE JAUNTE COMPANY, INC., and
PLUMMER PRECISION OPTICS WESTERN DIVISION, INC.

      Defendants.

---

# ORDER

---

This matter is before the court on Plaintiff's oral motion requesting an Order from this court requiring the defendants to file an Answer to claims for which there was not filed a Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b).

*Procedural History*

Plaintiff's Amended Complaint was filed on May 19, 2008. [Doc. No. 7]. On June 9, 2008, Defendants filed "Brown Group Retail, Inc.'s Partial Motion to Dismiss" [Doc. No. 9] seeking dismissal of the Second, Third and Fourth Claims for Relief in the Amended Complaint. This motion has been fully briefed and is pending before the District Court.

The plaintiff filed a Motion for Leave to File Second Amended Complaint on September 15, 2008 [Doc. No. 32] seeking to add a Sixth and Seventh Claim for Relief. Defendants have opposed the motion. Plaintiff's time for filing a Reply, if any, expires on October 11, 2008. The defendants have not filed an Answer to the First Amended Complaint.

*Analysis*

Plaintiff, orally during the Scheduling Conference conducted on September 30, 2008, has requested that the defendants be required to file an Answer to the First and Fifth Claims for Relief in the First Amended Complaint on the ground that the pending Fed. R. Civ. P. 12(b) motion does not address those claims. The court denied the request on the basis of no legal authority to so order, with leave to raise and further brief the issue in writing.[1]

---

[1]The plaintiff, in an email accompanying the revised Scheduling Order provided for the court's review, stated "Pursuant to your invitation to provide additional authority for La Plata's request to order the Defendant to answer the claims not addressed in Defendant's Motion to Dismiss, and over the objection of Defendant, we have attached a copy of the Minute Order from Magistrate Judge Shaffer in *Enssle v. Illinois Tool Works, Inc.*, 03-MK-1291 (CBS) where he ordered (in the last paragraph) the defendants to file an Answer addressing the claims unaffected by their motion to dismiss. The *Enssle* case was also an environmental contamination case involving CERCLA and RCRA. Judge Shaffer's ruling is consistent with *Gerlach v. Michigan Bell Tel. Co.*, 448 F. Supp. 1168, 1174 (E.D. Mich. 1978). Moreover, as we noted at the Scheduling Conference, the Court has authority pursuant to Rule 16 to require the Defendant to list its defenses and claims, even if not formally provided in an answer, counterclaim, or cross-claim. This is a different issue than the issue of answering claims not subject to a motion to dismiss. The goal is to manage discovery in the most efficient manner to prepare the case for trial."
   This method of requesting the court to reconsider a ruling on an oral motion is highly inappropriate. Counsel are directed to read and review the Federal Rules of Civil Procedure and the Local Rules of Practice for guidance on the conduct expected of professionals appearing in the United States District Court. However, in light of the court's ruling herein, the defendants are not prejudiced and no further action will be considered or taken.

In support of its oral Motion, Plaintiff has provided the court with an Eastern District of Michigan case, *Gerlach v. Michigan Bell Tel. Co.*, 448 F. Supp. 1168 (E.D. Mich. 1978). In *Gerlach* defendants had filed a partial motion to dismiss certain claims in the Complaint and had not filed an Answer directed at the remaining counts. *Id*. at 1174. The court, considering a motion for default, reasoned that separate counts are independent bases for a lawsuit, and therefore, the parties should be responsible to proceed with litigation on the counts not challenged by a motion under Fed. R. Civ. P. 12(b). *Id.* The court also found, however, that because plaintiffs had not been prejudiced by the failure to answer, a default judgment was not warranted and defendant was given 10 days to file an answer. *Id.*

The few other courts addressing this same issue since 1978, however, have taken an opposite position. The court in *Brocksopp Eng'g, Inc. v. Bach-Simpson, Ltd.*, 136 F.R.D. 485 (E.D. Wis. 1991), reasoned that, under the language of Fed. R. Civ. P. 12(a), a partial Rule 12(b) motion enlarges the time to file an Answer. *Id.* at 486. The court also noted that the *Gerlach* approach had significant disadvantages in that it would require duplicative sets of pleadings in the event of denial of the 12(b) motion, and it would cause confusion over the proper scope of discovery during the motion's pendency. *Id.* at 486-87; *see also* 5A WRIGHT & MILLER, § 1346 (discussing disadvantages of *Gerlach* court's reasoning). From that time forward, all the courts addressing the issue have agreed with *Brocksopp*. *See e.g., Circuit City Stores, Inc. v. Citgo Petroleum Corp. v. Mobil Oil Corp.*, 1994 WL 483463, 4 (E.D. Pa. 1994); *Raced v. New York City Transit Auth.*, 1991 WL 221110, 2 (S.D. N.Y. 1991); *Ideal Inst. v. Rivard Inst*., 434 F. Supp. 2d 598, 637 (N.D. Iowa 2006)(characterizing Gerlach as a "minority of one."); *Godlewski*

*v. Affiliated Comp. Svcs.*, 210 F.R.D. 571, 572 (E.D. Va. 2002); *Tingle Systems v. CSC Consulting*, 152 F. Supp. 2d 95, 122 (2001).   In a recent case, the District of Arizona court recognized, "This [holding in *Gerlach*] is clearly the minority position and the recent authority is clearly opposed to any such holding. *Pestube Systems, Inc. v. HomeTeam Pest Defense, LLC.*, 2006 WL 1441014, 7 (D. Ariz. 2006).

The plaintiffs have also submitted a 2003 Minute Order issued by Magistrate Judge Craig Shaffer[2] in support of their argument.  This case is singularly unpersuasive since there is no indication that Magistrate Judge Shaffer considered the legal issue presented by *Gerlach* or was addressing a contested issue; in fact, since the directive was issued in a Minute Order it is logical to infer the parties simply stipulated to a procedure which was then memorialized by the court.

It is therefore **ORDERED**

In accordance with Fed. R. Civ. P. 12(b), Plaintiff's request that Defendants file an Answer to the claims in the Amended Complaint which are not contested in the pending Motion to Dismiss, that request is **DENIED**.  To the extent the plaintiff has again raised, albeit improperly, a request to require the defendant to list its defenses and claims even in the absence

---

[2] *Enssle v. Illinois Tool Works, Inc.*, Case No. 03-MK-1291 (2003).

of the requirement to file an Answer, the court has previously **DENIED** this request and affirms that previous order.

Dated this 3d day of October, 2008.

**BY THE COURT:**

Kathleen M. Tafoya
United States Magistrate Judge