IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 08–cv–00855–LTB–KMT

THE BOARD OF COUNTY COMMISSIONERS OF THE COUNTY OF LA PLATA, COLORADO,

     Plaintiff,

v.

BROWN GROUP RETAIL, INC.,
PLUMMER PRECISION OPTICS CO.,
BLUE JAUNTE COMPANY, INC., and
PLUMMER PRECISION OPTICS WESTERN DIVISION, INC.

     Defendants.

---

**ORDER**

---

This matter is before the court on Plaintiff's Motion For Leave to File Second Amended Complaint (Doc. No. 32, filed September 15, 2008). It appears Plaintiff wants to amend their complaint by asserting two claims for relief under the Resource Conservation and Recovery Act, 42 U.S.C. §6972, *et. seq.*, and by making additional allegations. Defendant Brown Group Retail, Inc. filed its "Opposition to La Plata County's Motion For Leave to File Second Amended Complaint" (Doc. No. 35, filed September 26, 2008) and Plaintiff filed its "Reply to Brown Group Retail, Inc.'s Opposition to La Plata County's Motion for Leave to File Second Amended Complaint" (Doc. No. 45, filed October 14, 2008). The court has reviewed the submissions of the parties and the contents of the court files.

A Scheduling Conference was held in this matter on September 30, 2008, and a Scheduling Order was issued on October 3, 2008 (Doc. No. 43). That order specified that the deadline date for Joinder of Parties and Amendment of Pleadings is January 30, 2009. Therefore, the motion and proposed amended complaint were timely filed. Since there is a pending partial motion to dismiss filed by defendant Brown Group Retail, Inc. (Doc. No. 9, filed June 9, 2008), an answer to the complaint has not yet been filed.

Pursuant to Fed. R. Civ. P. 15(a), "The court should freely give leave (to amend the pleadings) when justice so requires." *See also York v. Cherry Creek Sch. Dist. No. 5,* 232 F.R.D. 648, 649 (D. Colo. 2005); *Aspen Orthopaedics & Sports Medicine, LLC v. Aspen Valley Hosp. Dist.,* 353 F.3d 832, 842 (10th Cir. 2003). The Supreme Court has explained the circumstances under which denial of leave to amend is appropriate.

> If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits. In the absence of any apparent or declared reason-such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.-the leave sought should, as the rules require, be "freely given." Of course, the grant or denial of an opportunity to amend is within the discretion of the District Court, but outright refusal to grant the leave without any justifying reason appearing for the denial is not an exercise of discretion; it is merely abuse of that discretion and inconsistent with the spirit of the Federal Rules.

*Foman v. Davis*, 371 U.S. 178, 182 (1962). *See also Triplett v. LeFlore County, Okl.*, 712 F.2d 444, 446 (10th Cir. 1983). Further, the Supreme Court guides that

2

> The Federal Rules reject the approach that pleading is a game of skill in which one misstep by counsel may be decisive to the outcome and accept the principle that the purpose of pleading is to facilitate a proper decision on the merits.

*Conley v. Gibson,* 355 U.S. 41, 48 (1957).

An argument against a request to amend a pleading which is solely based on the perceived lack of merit of a specific claim is malapropos. In this case, there is no showing that the inclusion of the new claims are being added for the purpose of causing undue delay or as result of a dilatory motive on the part of the plaintiff, nor has the defendant shown that the request for amendment is made in bad faith. In addition, there is no allegation and no support for an allegation that the plaintiff has engaged in repeated failure to cure deficiencies by amendments previously allowed. Since the defendant has not yet filed an answer to the original complaint and since the addition of the new claims do not alter the grounds of defendant's pending motion to dismiss, there is no undue prejudice to them by virtue of allowance of the amendment. A difference over the quantity or quality of proof of a claim does not show futility of bringing the claim in the first instance.

Therefore, it is ORDERED.

The plaintiff's Motion For Leave to File Second Amended Complaint (Doc. No. 32) is **GRANTED**.

Dated this 18th day of December, 2008.

**BY THE COURT:**

_____
Kathleen M. Tafoya
United States Magistrate Judge