**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
LEWIS T. BABCOCK, JUDGE**

Civil Case No. 08-cv-00855-LTB

THE BOARD OF COUNTY COMMISSIONERS OF THE COUNTY OF LA PLATA, COLORADO,

        Plaintiff,

v.

BROWN GROUP RETAIL, INC.,
PLUMMER PRECISION OPTICS CO.,
BLUE JAUNTE COMPANY, INC., and
PLUMMER PRECISION OPTICS WESTERN DIVISION, INC.,

        Defendants.
_____

**ORDER**
_____

This environmental contamination case is before me on Plaintiff, La Plata County's, Motion to Dismiss Counterclaims of Defendant Brown Group Retail [**Docket # 82**], and Defendant, Brown Group Retail, Inc.'s ("Brown Group"), Response [**Docket # 90**]. Oral argument would not materially assist the determination of this motion. After consideration of the motion, the papers, and the case file, and for the reasons stated below, I GRANT in part and DENY in part Plaintiff's Motion to Dismiss Counterclaims of Defendant Brown Group Retail [**Docket # 82**].

**I. BACKGROUND**

The following relevant facts are alleged in the Second Amended Complaint [**Docket # 49**]. In 1983, Plaintiff—a county in Colorado—purchased a parcel of land ("the property") previously owned by Brown Group. Beginning in 1975, Brown Group had operated a rifle scope

manufacturing facility ("the facility") on the property.  Toxic solvents used in the manufacturing process were spilled and leaked onto the floor of the facility and were flushed down the drains of the facility.  The plumbing beneath the facility leaked solvents into the surrounding soil and contaminated the groundwater.  The spills and leaks continued up until Plaintiff purchased the property in 1983.  The property currently houses a detention center.

Plaintiff sampled the soil and groundwater at the property, as well as the surrounding area.  Plaintiff's tests showed levels of toxic solvents in the soil and groundwater that exceed government standards for the protection of human health and the environment.  The toxic plume extends into otherwise-potable groundwater supplies and reaches the Animas River, which is a source of drinking water.  Fumes from the solvents escape the surface of the property into the detention center.  Brown Group has not taken steps to abate or contain the contamination.

Plaintiff filed its Second Amended Complaint on December 18, 2008, alleging seven claims for relief: (1) Comprehensive Environmental Response, Compensation, and Liability Act ("CERCLA") cost recovery; (2) unjust enrichment; (3) negligence and negligence *per se*; (4) abnormally dangerous activity (strict liability); (5) declaratory relief; (6) Resource Conservation and Recovery Act ("RCRA") relief for ongoing contamination; and (7) RCRA relief for prior contamination while Brown Group was the owner and/or operator of the property and the facility.  On February 18, 2009, I dismissed Plaintiff's claims for negligence *per se*, abnormally dangerous activity, and ongoing contamination under 42 U.S.C. § 6972(a)(1)(A).  [**Docket # 71**].

On March 4, 2009, Brown Group filed its answer to Plaintiff's Second Amended Complaint [**Docket # 76**].  Within its answer, Brown Group asserted four counterclaims against Plaintiff: (1) CERCLA cost recovery under 42 U.S.C. § 9607(a); (2) CERCLA contribution

under 42 U.S.C. § 9613(f)(1); (3) CERCLA declaratory relief under 42 U.S.C. § 9613(g)(2); and (4) RCRA relief for ongoing contamination under 42 U.S.C. § 6972(a)(1)(A). Plaintiff now moves to dismiss Brown Group's counterclaims for failure to state a claim upon which relief can be granted under FED. R. CIV. P. 12(b)(6); and for lack of subject matter jurisdiction under FED. R. CIV. P. 12(b)(1).

## II. STANDARDS OF REVIEW

### A. FED. R. CIV. P. 12(b)(1)

As courts of limited jurisdiction, federal courts may only adjudicate cases that the Constitution and Congress have granted them the authority to hear. *See Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Accordingly, Rule 12(b)(1) directs a court to dismiss a complaint whenever it appears the court lacks jurisdiction over the subject matter. *See* FED. R. CIV. P. 12(b)(1) and 12(h)(3). The burden of establishing subject matter jurisdiction is on the party asserting jurisdiction. *See Basso v. Utah Power & Light Co.*, 495 F.2d 906, 909 (10th Cir. 1974). When a party challenges the facts upon which subject matter jurisdiction depends, a district court may not presume the truthfulness of the complaint's factual allegations, but has discretion to consider affidavits and other evidence to resolve disputed jurisdictional facts. *See Holt v. United States*, 46 F.3d 1000, 1003 (10th Cir. 1995).

### B. FED. R. CIV. P. 12(b)(6)

Granting a motion to dismiss is a harsh remedy which must be exercised with caution to protect the liberal rules of pleading and the interests of justice. *See Cayman Exploration Corp. v. United Gas Pipe Line Co.*, 873 F.2d 1357, 1359 (10th Cir. 1989). Thus, the Federal Rules of Civil Procedure erect a powerful presumption against rejecting pleadings for failure to state a

claim. *Id*. Nonetheless, a claim "may be dismissed either because it asserts a legal theory not cognizable as a matter of law or because the claim fails to allege sufficient facts to support a cognizable legal claim." *Golan v. Ashcroft*, 310 F. Supp. 2d 1215, 1217 (D. Colo. 2004).

When considering a motion to dismiss for failure to state a claim upon which relief can be granted, a district court must accept as true all factual allegations in the complaint. *See Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007). While the factual allegations need not be pleaded in great detail, they must be sufficiently precise to raise a right to relief above the speculative level. *See Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1964–65, 1969 (2007) (abrogating the rule of *Conley v. Gibson*, 355 U.S. 41, 44–45 (1957), that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief"); *Kay v. Bemis*, 500 F.3d 1214, 1218 (10th Cir. 2007).

A district court should dismiss the complaint if the plaintiff fails to proffer "enough facts to state a claim to relief that is plausible on its face." *See Twombly*, 127 S. Ct. at 1974; *see also Kay*, 500 F.3d at 1218. "Plausible" in this context refers "to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent, then the plaintiffs 'have not nudged their claims across the line from conceivable to plausible.'" *See Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) (quoting *Twombly*, 127 S. Ct. at 1974). "Plausibility," however, does not refer to the likelihood that the allegations can be proven or even that the allegations are true. *See id.*

"The determination of whether a complaint contains enough allegations of fact to state a claim to relief that is plausible on its face is dependent on the context of the claim raised." *Mink*

*v. Knox*, 566 F. Supp. 2d 1217, 1221 (D. Colo. 2008); *see also Robbins*, 519 F.3d at 1248.  The "mere metaphysical possibility that *some* plaintiff could prove *some* set of facts in support of the pleaded claims is insufficient; the complaint must give the court reason to believe that *this* plaintiff has a reasonable likelihood of mustering factual support for *these* claims."  *Ridge at Red Hawk*, *L.L.C. v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007) (emphasis in original).  Accordingly, "within the context of the claim alleged, the complaint must contain enough specific allegations of fact to show that if all the alleged facts—and only the alleged facts—are believed to be true, the plaintiff has a claim for relief."  *Knox*, 566 F. Supp. 2d at 1222; *see Twombly*, 127 S. Ct. at 1965; *Robbins*, 519 F.3d at 1247–48.

### III.  ANALYSIS

#### A.  CERCLA Cost Recovery—42 U.S.C. § 9607(a)

Plaintiff argues Brown Group's CERCLA cost recovery counterclaim should be dismissed because Brown Group failed to adequately allege Plaintiff was an "operator" of a hazardous substance disposal facility and because Brown Group failed to allege it has incurred "response costs" under CERCLA.  I disagree on both points.

*1.  Whether Plaintiff is alleged to be an "operator"*

As relevant to the issues presented in this motion, CERCLA allows cost recovery against "the owner and operator" of a hazardous substance disposal facility.  *See* 42 U.S.C. § 9607(a)(1).  While apparently conceding it is the owner of a hazardous substance disposal facility, Plaintiff argues Brown Group does not allege facts sufficient to show Plaintiff is an "operator" for purposes of the CERCLA statute.  The Supreme Court defines "operator" under CERCLA as one who "manage[s], direct[s], or conduct[s] operations specifically related to pollution, that is,

operations having to do with the leakage or disposal of hazardous waste, or decisions about compliance with environmental regulations." *See United States v. Bestfoods*, 524 U.S. 61, 66–67 (1998).  Plaintiff argues Brown Group alleges only that Plaintiff operates a detention center on the property, and does not allege Plaintiff managed, conducted, or directed operations specifically related to pollution.  Thus, according to Plaintiff, Brown Group fails to allege Plaintiff is both an "owner and operator"—a status Plaintiff argues is necessary for suit.

It is well-established in this Circuit, however, that the term "owner and operator" in Section 9607(a)(1) is interpreted in the disjunctive.  *See, e.g, Morrison Enters. v. McShares, Inc.*, 302 F.3d 1127, 1133 (10th Cir. 2002) (finding "the landowner of the property in questions is 'an owner and operator of . . . a facility'" under Section 9607(a)(1)); *FMC Corp. v. Aero Indus., Inc.*, 998 F.2d 842, 846 (10th Cir. 1993) ("Section 9607(a)(1) defines a responsible party as any owner or operator of a facility."); *Broderick Inv. Co. v. Hartford Acc. & Indem. Co.*, 954 F.2d 601, 604 n.2 (10th Cir. 1992) (noting "the owner or operator of a facility [is] a party potentially responsible for environmental response costs associated with the cleanup of that facility" under Section 9607(a)(1)).

Moreover, this Court previously held the facts alleged show Plaintiff is "the owner and operator of an alleged hazardous waste site" for purposes of RCRA.  *See* February 18, 2009, Order, p. 23 [**Docket # 71**].  As the definition of "operator" under RCRA is substantially the same as the definition under CERCLA, a finding that Plaintiff meets the former is sufficient to show Plaintiff meets the latter.  *See United States v. Power Engineering Co.*, 125 F. Supp. 2d 1050, 1070–71 (D. Colo. 2000) ("Although these tests have been devised to determine whether an individual or an entity is an 'operator' under the Comprehensive Environmental Response

6

Compensation and Liability Act, there is no reason not to apply them to the 'operator' inquiry under the RCRA given the similarity of the definitions in both statutes."). Accordingly, Brown Group has adequately alleged Plaintiff is "the owner and operator" of a hazardous substance disposal facility under Section 9607(a)(1).

### 2. *Whether Brown Group alleged "response costs"*

CERCLA provides that a person may recover any necessary response costs incurred consistent with a national recovery plan. *See Young v. United States*, 394 F.3d 858, 863 (10th Cir. 2005) (citing 42 U.S.C. § 9607(a)(4)(B)). Addressing this element, Brown Group's first counterclaim states: "Brown Group has incurred, and will continue to incur in the future, necessary response costs to, among other things, investigate and evaluate the alleged contamination in a manner consistent with the National Contingency Plan, 40 C.F.R. Part 300 *et seq*." Plaintiff argues Brown Group's statement is conclusory and unsupported by factual averments sufficient to show that if all the alleged facts—and only the alleged facts—are believed to be true, Brown Group has a claim for relief. *See Bd. of County Comm'rs of County of La Plata, Colorado v. Brown Group Retail, Inc.*, 598 F. Supp. 2d 1185, 1192 (D. Colo. 2009). I disagree.

Under Tenth Circuit authority, investigative costs consistent with a National Recovery Plan are recoverable under CERCLA. *See Young*, 394 F.3d at 863. While Brown Group will bear the ultimate burden of showing "some nexus between the alleged response cost and an actual effort to respond to the environmental contamination," it is sufficient at this stage of the litigation that Brown Group has pleaded a recoverable cost. *See id.* at 864. Although Plaintiff argues Brown Group incurred the costs only as a response to the litigation—costs that are not

recoverable under CERCLA, *see id.* at 863—this is a factual argument that should not be resolved in the context of a Rule 12(b)(6) motion. *See Erickson*, 127 S. Ct. at 2200.

Accordingly, Brown Group has adequately alleged a CERCLA cost recovery claim under 42 U.S.C. § 9607(a).

### B.  CERCLA Contribution—42 U.S.C. § 9613(f)(1)—and Declaratory Relief—42 U.S.C. § 9613(g)(2)

Plaintiff argues Brown Group's CERCLA contribution and declaratory relief counterclaims must be dismissed if Brown Group's CERCLA cost recovery claim is dismissed. As held above, however, Brown Group adequately alleges a CERCLA cost recovery claim. Accordingly, Plaintiff's motion to dismiss these counterclaims is denied.

### C.  RCRA Section 6972(a)(1)(A)

Plaintiff argues Brown Group's RCRA counterclaim should be dismissed for lack of subject matter jurisdiction because Brown Group failed to comply with RCRA's mandatory notice requirements. While it is unsettled whether the RCRA notice requirements are procedural or jurisdictional, there is no doubt that compliance with the notice requirements "is a mandatory, not optional, condition precedent for suit," and dismissal is the only remedy for failure to comply. *See Hallstrom v. Tillamook County*, 493 U.S. 20, 26 (1989). Although notice of Brown Group's counterclaim appears somewhat superfluous in the context of this case, "a district court may not disregard these requirements at its discretion." *See id.* at 31. Dismissal without prejudice is therefore appropriate. *See id.* at 32.

## IV.  CONCLUSION

Accordingly, IT IS ORDERED that Plaintiff's Motion to Dismiss Counterclaims of Defendant Brown Group Retail [**Docket # 82**] is GRANTED in part and DENIED in part as follows:

1. Brown Group's Fourth Counterclaim is DISMISSED WITHOUT PREJUDICE;

2. In all other respects, Plaintiff's motion is DENIED.

Each party shall bear its own costs.


Dated: April   24  , 2009.

                                                        BY THE COURT:

                                                          s/Lewis T. Babcock
                                                        Lewis T. Babcock, Judge