**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**
**LEWIS T. BABCOCK, JUDGE**

Civil Case No.  08-cv-00855-LTB

THE BOARD OF COUNTY COMMISSIONERS OF THE COUNTY OF LA PLATA,
COLORADO,

        Plaintiff,

v.

BROWN GROUP RETAIL, INC.,
PLUMMER PRECISION OPTICS CO.,
BLUE JAUNTE COMPANY, INC., and
PLUMMER PRECISION OPTICS WESTERN DIVISION, INC.,

        Defendants.

_____

## ORDER

_____

      This environmental contamination case is before me on Plaintiff's Motion for Leave to

File Third Amended Complaint [**Docket # 103**]; Defendant, Brown Group Retail, Inc.'s ("Brown

Group"), Response [**Docket # 106**]; and Plaintiff's Reply [**Docket # 108**].  This Court has

previously dismissed multiple claims and counterclaims of both parties.  Plaintiff now seeks to

amend the Second Amended Complaint [**Docket # 49**] so as to assert three additional claims: (1)

a CERCLA section 113(f) contribution counterclaim in response to Brown Group's CECRLA

section 107 recovery claim ("Sixth Claim for Relief"); (2) removal and recovery reimbursement

under COLO. REV. STAT. § 29-22-104 ("Seventh Claim for Relief"); and (3) hazardous waste

abandonment mitigation costs under COLO. REV. STAT. § 25-15-313 ("Eighth Claim for Relief").

      FED. R. CIV. P. 15(a) provides that where—as here—a responsive pleading has been

served, "a party may amend the party's pleading only by leave of court or by written consent of

the adverse party." However, "leave shall be freely given when justice so requires." *Id.* The

United States Supreme Court teaches that:

> this mandate is to be heeded. If the underlying facts or circumstances relied upon
> by a plaintiff may be a proper subject of relief, he ought to be afforded an
> opportunity to test his claim on the merits. In the absence of any apparent or
> declared reason—such as undue delay, bad faith or dilatory motive on the part of
> the movant, repeated failure to cure deficiencies by amendments previously
> allowed, undue prejudice to the opposing party by virtue of allowance of the
> amendment, futility of amendment, etc.—the leave sought should, as the rules
> require, be "freely given."

*Foman v. Davis*, 371 U.S. 178, 182 (1962). As Plaintiff filed its motion before expiration of the

May 22, 2009, deadline to amend pleadings—and as the discovery deadline does not expire until

December 15, 2009—any contention that the motion is untimely or the result of undue delay is

without merit.

Plaintiff avers that the purpose of this requested amendment is to assert claims that were

either unavailable or unknown at the time the Second Amended Complaint was filed. To the

extent Plaintiff asserts a CERCLA section 113(f) contribution counterclaim, it is not disputed

that such a claim was unavailable prior to Brown Group asserting its own CERCLA section 107

recovery claim. *See Cooper Indus., Inc. v. Aviall Servs., Inc.*, 543 U.S. 157, 165–68 (2004).

Accordingly, leave to amend should be granted as to this claim.

Turning to the two state law claims, Plaintiff avers it was unaware that the relevant

statutes existed prior to filing the present motion. Although anemic, such a justification does not

show the amendment is offered in bad faith or with dilatory motive. *See Frank v. U.S. West,

Inc.*, 3 F.3d 1357, 1365 (10th Cir. 1993). Likewise, Brown Group does not show that inclusion

of the state law claims will alter the focus of this case, nor that allowing the amendment will in

any way impair its ability to adequately prepare for trial. *See Orr v. City of Albuquerque*, 417

F.3d 1144, 1153 (10th Cir. 2005).  Finally, although Brown Group argues the state law claims would be subject to dismissal for lack of jurisdiction—and, accordingly, that leave to amend should be denied on futility grounds—Brown Group provides no case law or other authority supporting this position.  *See Jefferson County Sch. Dist. v. Moody's Investor's Servs.*, 175 F.3d 848, 859 (10th Cir. 1999).

Accordingly, Plaintiff's Motion for Leave to File Third Amended Complaint [**Docket # 103**] is GRANTED.  Plaintiff's Third Amended Complaint [**Docket # 103-2**] is DEEMED FILED.

Dated: June __16__, 2009.

BY THE COURT:

__s/Lewis T. Babcock_____
Lewis T. Babcock, Judge