# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO
## Magistrate Judge Kathleen M. Tafoya

| | |
|---|---|
| **Civil Action No.**   08-cv-00855-LTB-KMT | FTR |
| **Date:**   July 17, 2009 | Debra Brown, Deputy Clerk |
| THE BOARD OF COUNTY COMMISSIONERS OF THE COUNTY OF LA PLATA, COLORADO, | Asimakis D. Iatridis<br>Michael B. Arnold |
| Plaintiff, | |
| v. | |
| BROWN GROUP RETAIL, INC., et al., | Gail L. Wurtzler<br>Robert W. Lawrence |
| Defendants. | |

## COURTROOM MINUTES

**MOTION HEARING**

**Court in Session: 10:35 a.m.**

Court calls case.  Appearance by counsel.

Defendant's MOTION to Compel Defendant Brown Group Retail, Inc.'s Motion Seeking Resolution of Discovery Disputes [Document #112, filed June 19, 2009] and Plaintiff's MOTION for Protective Order Pursuant to Fed.R.Civ.P. 26(c)  [Document #119, filed July 02, 2009] at issue:

Argument by Counsel.
Discussion regarding Plaintiff's MOTION for Protective Order Pursuant to Fed.R.Civ.P. 26(c) Document #119, filed July 02, 2009 is **granted in part and denied in part**:

**ORDERED:**   Defendant's are required to insure the land owner, as a precaution, while Defendant is obtaining ground water samples of the three wells. Plaintiff will arrange for Defendant and its experts to take ground water samples from the three wells.  Defendant will not be permitted to interview occupants of the La Plata facility at the time the Defendant is collecting indoor samples.

Defendant's MOTION to Compel Defendant Brown Group Retail, Inc.'s Motion Seeking Resolution of Discovery Disputes [Document #112, filed June 19, 2009] **is granted in part and denied in part** as follows:

As to Interrogatories No. 2 and 3 and Request for Production of Documents (hereinafter "RPD")

the Plaintiff will produce the documents, without schematics by July 24, 2009. Plaintiff will produce the schematics by July 29, 2009.

As to Interrogatory No. 4 Plaintiff shall produce invoices relating to products such as aerosol, liquid or powder for use on the property.

As to Interrogatory No. 4, 5 and 6 and RPD No. 6 the motion to compel is granted. Plaintiff shall produce the purchase orders that indicate products bought for use on the property to the extent Plaintiff can locate the same. Plaintiff shall also explain in some detail the steps they have taken to effectuate the search for relevant documents.

As to Interrogatory No. 12 and RPD No. 21 the motion to compel is granted and Plaintiff shall supplement their responses to the extent available. Plaintiff shall also explain in some detail the steps they have taken to effectuate the search for relevant documents.

As to Interrogatory No. 13 and RPD No. 19 the motion to compel is granted and Plaintiff shall supplement their responses to the extent available. Plaintiff shall also explain in some detail the steps they have taken to effectuate the search for relevant documents.

As to Interrogatory No. 9 and RPD No. 13 the motion to compel is granted with come clarification from Defendant. Plaintiff shall supplement their responses to the extent available. Plaintiff shall also explain in some detail the steps they have taken to effectuate the search for relevant documents by July 31, 2009.

As to Interrogatory No. 11 and RPD No. 5 and 6 the motion to compel is denied with caveat that certain information will be provided regarding the May 2009 sampling.

As to Interrogatory No. 7 the motion to compel is granted and Plaintiff shall supplement their responses to identify each paragraph as general or specific.

As to Interrogatory No. 14, 15, 17 and 18 the motion to compel is denied. Plaintiff has responded sufficiently.

As to Interrogatory No. 3 and RPD No. 11 and 12 the motion to compel is granted to the extent that plaintiff will supplement and identify the documents produced by Bates number. Plaintiff shall also explain in some detail the steps they have taken to effectuate the search for relevant documents.

As to Interrogatory No. 10 the motion to compel is denied as over broad.

As to RPD No. 8, 14 and 15 the motion to compel is granted and Plaintiff shall supplement their responses to the extent available. Plaintiff shall also explain in some detail the steps they have taken to effectuate the search for relevant documents.

**ORDERED:** The Court will not assess attorney fees and costs in this matter for either side pursuant to Fed.R.Civ.P. 37.

**Court in recess: 12:19 p.m.**          Total In-Court Time 1:34; hearing concluded