**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
LEWIS T. BABCOCK, JUDGE**

Civil Case No. 08-cv-00855-LTB

THE BOARD OF COUNTY COMMISSIONERS OF THE COUNTY OF LA PLATA, COLORADO,

       Plaintiff,

v.

BROWN GROUP RETAIL, INC.,
PLUMMER PRECISION OPTICS CO.,
BLUE JAUNTE COMPANY, INC., and
PLUMMER PRECISION OPTICS WESTERN DIVISION, INC.,

       Defendants.
_____

**ORDER**
_____

This environmental contamination case is before me on Defendant, Brown Group Retail, Inc.'s ("Brown Group"), Motion to Strike Allegations and Dismiss Claims in the Third Amended Complaint [**Docket # 116**]; Plaintiff, La Plata County's, Response [**Docket # 128**]; and Brown Group's Reply [**Docket # 131**]. Oral argument would not materially assist the determination of this motion. After consideration of the motion, the papers, and the case file, and for the reasons stated below, I GRANT in part and DENY in part Brown Group's Motion to Strike Allegations and Dismiss Claims in the Third Amended Complaint [**Docket # 116**].

**I. BACKGROUND**

The following relevant facts are alleged in the Third Amended Complaint [**Docket # 110**]. In 1983, Plaintiff—a county in Colorado—purchased a parcel of land ("the property") previously owned by Brown Group. Beginning in 1975, Brown Group had operated a rifle scope

manufacturing facility ("the facility") on the property. Toxic solvents used in the manufacturing process were spilled and leaked onto the floor of the facility and were flushed down the drains of the facility. The plumbing beneath the facility leaked solvents into the surrounding soil and contaminated the groundwater. The spills and leaks continued up until Plaintiff purchased the property in 1983. The property currently houses a detention center.

Plaintiff sampled the soil and groundwater at the property, as well as the surrounding area. Plaintiff's tests showed levels of toxic solvents in the soil and groundwater that exceed government standards for the protection of human health and the environment. The toxic plume extends into otherwise-potable groundwater supplies and reaches the Animas River, which is a source of drinking water. Fumes from the solvents escape the surface of the property into the detention center. Brown Group has not taken steps to abate or contain the contamination.

Plaintiff filed its Third Amended Complaint [**Docket # 110**] on June 16, 2009, alleging eight claims for relief: (1) Comprehensive Environmental Response, Compensation, and Liability Act ("CERCLA") cost recovery; (2) unjust enrichment; (3) negligence; (4) declaratory relief; (5) Resource Conservation and Recovery Act ("RCRA") relief for prior contamination while Brown Group was the owner and/or operator of the property and the facility; (6) contribution under CERCLA Section 113(f)(1); (7) removal and recovery reimbursement under COLO. REV. STAT. § 29-22-104; and (8) hazardous waste abandonment mitigation costs under COLO. REV. STAT. § 25-15-313.

Brown Group now moves the Court to decline to exercise supplemental jurisdiction over the state law claims ("Claim Seven" and "Claim Eight") under 28 U.S.C. § 1367(c)(1); or, in the alternative, to dismiss the state law claims for lack of jurisdiction under FED. R. CIV. P. 12(b)(1)

or for failure to state a claim upon which relief may be granted under FED. R. CIV. P. 12(b)(6). Brown Group also moves the Court to strike certain portions of Plaintiff's Third Amended Complaint under FED. R. CIV. P. 12(f).

## II. STANDARDS OF REVIEW

### A.  28 U.S.C, § 1367(c)(1)

As courts of limited jurisdiction, federal courts may only adjudicate cases that the Constitution and Congress have granted them the authority to hear.  *See Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).  Where—as here—the Court has federal question jurisdiction, the Court has "supplemental jurisdiction over all other claims that are so related to claims in the action that they form part of the same case or controversy under Article III of the United States Constitution."  *See* 28 U.S.C. § 1367(a).  Nonetheless, district courts may decline to exercise supplemental jurisdiction over a claim under Section 1367(a) if "the claim raises a novel or complex issue of State law."  *See* 28 U.S.C. § 1367(c).

### B.  FED. R. CIV. P. 12(f)

Rule 12(f) provides that a court "may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."  The rule's purpose is to conserve time and resources by avoiding litigation of issues that will not affect the outcome of the case. *See Sierra Club v. Tri-State Generation & Transmission Ass'n, Inc.*, 173 F.R.D. 275, 285 (D. Colo. 1997).  "Motions to strike are a severe remedy, and as such are generally disfavored." *Sender v. Mann*, 423 F. Supp. 2d 1155, 1163 (D. Colo. 2006).  "Allegations will not be stricken as immaterial under this rule unless they have no possible bearing on the controversy."  *Sierra Club v. Tri-State*, 173 F.R.D. at 285 (citations omitted).  Moreover, "motions to strike are usually

only granted when the allegations have no bearing on the controversy and the movant can show that he has been prejudiced." *Sierra Club v. Young Life Campaign, Inc.*, 176 F. Supp. 2d 1070, 1086 (D. Colo. 2001). The burden of proof is a heavy one. *Id*.

### III. ANALYSIS

#### A. Motion to Dismiss Claim Seven and Claim Eight

Brown Group requests the Court decline to exercise supplemental jurisdiction over Plaintiff's state law claims arising under COLO. REV. STAT. §§ 25-15-313 and 29-22-104. Both Section 25-15-313 and 29-22-104 allow public entities to seek reimbursement for response costs incurred mitigating or containing hazardous waste contamination. Both Section 29-22-104 and Section 25-15-313—which expressly relies on article 22 of title 29 to provide the terms of any claims for reimbursement—appear to concern only "emergency circumstances." "Emergency circumstances" are described in the statute as the sudden discharge or abandonment of a hazardous substance. *See* COLO. REV. STAT. § 29-22-101.

Claims Seven and Eight raise novel and complex issues of Colorado state law. Initially, it is unclear whether the statutes apply in this case at all. As noted by both parties, no court has applied these statutes to circumstances like those presented in this case—namely, abandonment of hazardous waste occurring decades before any containment or mitigation efforts. Similarly, the statutes—although in effect since 1983—have never been applied in circumstances where the public entity is acting in its capacity as private landowner, rather than in its capacity as emergency responder. Finally—even if the statutes do apply to the facts of this case—it is unsettled whether the statutes apply retroactively. As it is undisputed that Brown Group sold the property to Plaintiff in 1983—the same year the statutes were enacted—a novel question of state

law remains whether the statute would apply to pre-enactment hazardous waste abandonment or only abandonment occurring after the date of enactment, if any such post-enactment abandonment occurred at all.

The Supreme Court teaches that federal courts should exercise supplemental jurisdiction cautiously in "cases raising issues 'intimately involved with [the States'] sovereign prerogative,' the proper adjudication of which might be impaired by unsettled questions of state law." *Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706, 716–177 (1996) (citing *Louisiana Power & Light Co. v. City of Thibodaux*, 360 U.S. 25, 28 (1959)); *see City of Chicago v. Int'l College of Surgeons*, 522 U.S. 156, 174 (1997). "[W]here there have been presented difficult questions of state law bearing on policy problems of substantial public import whose importance transcends the result in the case at bar," the states' interest in resolving the matter in their own courts is particularly high. *See Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 814 (1976). Where—as here—a federal court is asked to interpret an unsettled state statute concerning the powers of public entities under state law, the court should decline jurisdiction if the outcome could have an impermissibly limiting effect on the public entities' ability to act under the statute. *See id.* at 815. Accordingly, I decline to exercise supplemental jurisdiction over Plaintiff's state law claims and dismiss Claim Seven and Claim Eight without prejudice.

B.  Motion to Strike Paragraphs 40, 72, and 73

On February 18, 2009, this Court dismissed Plaintiff's claim under Section 6972(a)(1)(A) of RCRA because Brown group was not "alleged to be in violation" of RCRA at the time the suit was brought. [**Docket # 71**]. Brown Group now requests the Court strike certain phrases from paragraphs 40, 72, and 73 of Plaintiff's Third Amended Complaint [**Docket # 110**] because these

phrases allege facts previously alleged in connection with Plaintiff's Section 6972(a)(1)(A) claim. Specifically, Brown Group objects to the following language (objected-to language highlighted in bold):

> 40.    Defendants **have** failed and **continue to fail** to obtain the proper federal and state permits and approval for the disposal of hazardous waste at the Property and the closure of a Facility that generates such hazardous waste located on the Property. **These wrongful acts and/or omissions constitute ongoing and present violations of,** *inter alia***, the Resource Conservation and Recovery Act ("RCRA").**
>
> 72.    Plaintiff has commenced this civil action against Defendants pursuant to, *inter alia*, 42 U.S.C. § 6972(a)(1)(B) of RCRA (42 U.S.C. § 6901, *et seq.*), because Defendants are past owners and/or operators of a treatment, storage, or disposal Facility, who **have** contributed **or are contributing** to the past **or present** handling, storage, treatment, transportation, or disposal of solid and hazardous waste, which may present an imminent and substantial endangerment to health and/or the environment.
>
> 73.    Defendants' illegal operation of the Facility located on the Property, open dumping violations, continued presence of solid and/or hazardous waste discharged by Defendants, releases and introduction of solid and/or hazardous waste into the environment in violation of State Regulations and federal regulations, and other acts and omissions of Defendants, including without limitation conduct constituting violations of RCRA, C.R.S. § 25-15-101, et seq., and applicable State and federal law pertaining to clean water, in part demonstrate that Defendants contributed **and/or are contributing** to the past **and present** handling, storage, treatment, transportation, or disposal of solid and hazardous waste, which may present an imminent and substantial endangerment to health and/or the environment.

Although the objected-to paragraphs—if read out of the context of the remaining paragraphs—could be interpreted to allege Brown Group is liable under Section 6972(a)(1)(A), they could also be read to allege exactly what is required under Section 6972(a)(1)(B), namely, that Brown Group is a "past or present generator, past or present transporter, or past or present owner or operator of a treatment, storage, or disposal facility, who has contributed or who is contributing to the past or present handling, storage, treatment, transportation, or disposal of any

6

solid or hazardous waste which may present an imminent and substantial endangerment to health or the environment." *See* 42 U.S.C. § 6972(a)(1)(B).  In light of the general disfavor afforded to Rule 12(f) motions, I decline to strike portions of Plaintiff's Third Amended Complaint [**Docket # 110**] based merely on the semantic possibility that such paragraphs could be interpreted as requesting unavailable relief.

## IV.  CONCLUSION

Accordingly, IT IS ORDERED that Brown Group's Motion to Strike Allegations and Dismiss Claims in the Third Amended Complaint [**Docket # 116**] is GRANTED in part and DENIED in part as follows:

1. Plaintiff's Claims Seven and Eight in its Third Amended Complaint [**Docket # 110**] are DISMISSED WITHOUT PREJUDICE;

2. Brown Group's motion to strike portions of Plaintiff's Third Amended Complaint is DENIED.

Dated: August   14  , 2009.

BY THE COURT:

  s/Lewis T. Babcock
Lewis T. Babcock, Judge