IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 08–cv–00855–LTB–KMT

THE BOARD OF COUNTY COMMISSIONERS OF THE COUNTY OF LA PLATA, COLORADO,

    Plaintiff,

v.

BROWN GROUP RETAIL, INC.,
PLUMMER PRECISION OPTICS CO.,
BLUE JAUNTE COMPANY, INC., and
PLUMMER PRECISION OPTICS WESTERN DIVISION, INC.

    Defendants.

---

**ORDER**

---

This matter is before the court on "La Plata County's Motion to Extend Scheduling Order for Submission of Certain Expert Rebuttal (26(A)(2)) Reports and Dispositive Motions [Doc. No. 152, filed February 9, 2010). "Defendant Brown Group Retail, Inc. Opposition to County's Motion to Extend Scheduling Order for Submission of Certain Expert Rebuttal Reports and Dispositive Motions" [Doc. No. 154] was filed February 10, 2010. The court has also considered "Defendant Brown Group Retail, Inc.,'s Motion to Compel Taking of Expert Depositions as Previously Proposed and Noticed" [Doc. No. 155] filed February 10, 2010.

Plaintiff seeks an extension of six days to disclose rebuttal expert reports. (Mot. ¶ 2.) Additionally, the plaintiff seeks extension of the dispositive motions deadline to allow twenty-one days of extra time. (Mot. ¶ 3.) The defendant objects essentially on the basis that it was forced to comply with the deadlines as scheduled and therefore the plaintiff should be required to do so as well. Defendant seeks to compel depositions of three expert witnesses on February 18, 22 and 23, 2010, dates when lead counsel for Plaintiff, Asimakis D. Iatridis, will be out of the country on vacation.

Pursuant to Fed. R. Civ. P. 16(b), a deadline set in a scheduling order may be modified only upon a showing of good cause. Good cause has been interpreted to mean that "scheduling deadlines cannot be met despite a party's diligent efforts, . . . ." *Jorgenson v. Montgomery*, 2007 WL 3119549, *3 (D. Colo. 2007) (quoting *Dilmar Oil Co., Inc. v. Federated Mutual Ins. Co.*, 986 F. Supp 959, 980 (D.S.C.1997)). Further, "[c]arelessness is not compatible with a finding of diligence and offers no reason for a grant of relief." *Id.* The normal press of business experienced by a party's counsel does not necessarily provide good cause to amend a scheduling order. *See Fuchs v. Sanders*, 2008 WL 4372414 (D. Colo. 2008).

The court notes that the Administrative Office of the United States Courts, located in downtown Washington, D.C., has been closed for most of this past week due to several major storms that have caused havoc on the East Coast, expanding to Midwestern regions such as Chicago, Illinois. With respect to the deadline for disclosure of rebuttal expert witness reports, the plaintiff has asked for a mere six day extension to finalize and submit the reports of two of its

rebuttal experts, one of whom is based in Washington, D.C. I find the plaintiff has shown good cause for the six day extension to disclose rebuttal expert reports.

The dispositive motion deadline will be affected by this extension since these and other experts need to be deposed and their responses and reports analyzed for purposes of summary judgment. Previously, this court ruled, based on the Motion before it on October 15, 2009, that the dispositive motions deadline would not be extended at that time. [Doc. No. 148 at 2.] However, the court did not say that a further continuance of the dispositive motion deadline would not be considered based on new or different information.

The parties are having difficulty scheduling depositions under the current deadlines as evidenced by Defendant's Motion to Compel. This is occurring despite the diligent efforts of all parties. There is no evidence whatsoever that the plaintiff is purposefully delaying the depositions; its professed problem with the dates selected by the defendant for certain depositions is its desire to have primary counsel available to attend the depositions of important expert witnesses. In a case of this type, where expert testimony is a substantial part of the case, this position is well founded. Likewise, the defendant has taken all the necessary steps to work out a deposition schedule to fit the needs of both sides, but has been hampered by the discovery cut off date of March 1, 2010.

A bench trial is scheduled for October 4, 2010, with the trial preparation conference set for September 10, 2010. Neither date will be adversely affected by a modest continuance of discovery deadlines and a concomitant continuance of the Final Pretrial Conference. On the other hand, an additional three weeks will very likely facilitate the continuation of what has been

in the past, a cordial professional relationship between the parties in setting and completing the remaining discovery in the case, including the depositions of Mr. Rosasco, Mr. Amter and Mr. Hart. Therefore, for good cause shown, it is

**ORDERED**

"La Plata County's Motion to Extend Scheduling Order for Submission of Certain Expert Rebuttal (26(A)(2)) Reports and Dispositive Motions [Doc. No. 152] is **GRANTED**.

The Scheduling Order is amended as follows:

| | |
|---|---|
| Rebuttal expert reports Due | February 18, 2010 |
| Discovery Cut Off Date | March 22, 2010 |
| Dispositive Motion Deadline | April 16, 2010 |

It is further **ORDERED**

The Final Pretrial Conference now set for March 30, 2010 at 9:45 a.m. is **VACATED**. The Final Pretrial Conference is rescheduled for **June 15, 2010 at 9:00 a.m.**

It is further **ORDERED**

"Defendant Brown Group Retail, Inc.,'s Motion to Compel Taking of Expert Depositions as Previously Proposed and Noticed" [Doc. No. 155] is **DENIED**, without prejudice.

Dated this 12th day of February, 2010.

                                            **BY THE COURT:**

                                            Kathleen M. Tafoya
                                            United States Magistrate Judge