IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 08-cv-00855 LTB-KMT

THE BOARD OF COUNTY COMMISSIONERS OF THE
COUNTY OF LA PLATA, COLORADO

     Plaintiff(s),

v.

BROWN GROUP RETAIL, INC., *et al.*,

     Defendant(s).

_____

**STIPULATED PROTECTIVE ORDER**
_____

IT IS HEREBY STIPULATED, by and among the parties hereto through their respective counsel, pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, that discovery and use of Confidential Information as defined below and produced by Dow Chemical in this action shall be subject to the following terms and conditions:

1.    "Confidential Information" means the whole or any portion or phase of any scientific or technical information, design, process, procedure, formula, improvement, confidential business or financial information, listing of names, addresses, or telephone numbers, or other information relating to any business or profession which is secret and of value and for which the owner thereof has taken measures to prevent the secret from becoming available to persons other than those selected by the owner to have access thereto for limited purposes. *See Premier Election Solutions, Inc. v. Systest Labs, Inc.*, No. 09-cv-01822-WDM-KMT, 2009 WL 3075597 (D. Colo. Sept. 22, 2009) (citing definition of "trade secret" in C.R.S. § 7-74-102(4)).

2. Any documents produced or information disclosed in this action that contain Confidential Information, whether voluntarily, pursuant to a discovery demand, pursuant to an order of the Court, or otherwise, by Dow Chemical, may be designated as Confidential Information by Dow Chemical only after such documents or information have been reviewed by a lawyer representing Dow Chemical who will certify that their designation as confidential is "based on a good faith belief that [the information] is confidential or otherwise entitled to protection" under Fed. R. Civ. P. 26(c)(7). *Gillard v. Boulder Valley School Dist.*, 196 F.R.D. 382, 386 (D. Colo. 2000).

3. Confidential Information shall be disclosed only to (a) the named plaintiff in this action including such employees of plaintiff involved with the prosecution of the action; (b) the named defendants in this action including such employees of defendants involved with the defense of the action; (c) counsel for the parties in this action and such employees of counsel for purposes of this action; (d) judges and court personnel; and (e) experts and consultants in this action who comply with the terms of Paragraph 8 herein.

4. Confidential Information shall be designated by affixing to each page of each document a stamp marked "Confidential."

5. Within forty-five (45) days after determining that the materials were improperly designated as Confidential Information and that challenge of such designation is necessary, counsel for the receiving party may challenge the designation of any such material (or portion of such material) by providing to counsel for the producing party a written notice of such challenge. The notice shall identify the disputed information and shall state the reason such information should not be accorded confidential treatment and the facts underlying such reasoning.

6.	Within ten (10) days of receipt of such notice, counsel for the receiving party and counsel for the producing party shall meet and confer in a good faith attempt to resolve the dispute over the confidential designation.  In the event they cannot agree, counsel for any party shall have thirty (30) days from receipt of the notice of challenge in which to advise the Court of the dispute and ask the Court to rule on the confidential treatment of the material.  In the case of materials designated "Confidential Information," the burden shall be on the asserting party to show that the material contains, constitutes, or reveals Confidential Information as defined above.  A party may request the Court, or producing counsel may agree in writing, that this thirty (30) day period be extended.  The confidential status of the challenged material shall be maintained until final ruling by the Court on any such request, as well as the final resolution of any appeal from any such ruling, whichever shall last occur.  If no request is made to this Court within thirty (30) days, or within the extended period which has been agreed upon in writing, the material shall be deemed confidential as designated.

7.	Confidential Information produced or disclosed by Dow Chemical in this action shall be used solely for the purposes of this action and shall not be used for any other purpose.

8.	Prior to disclosure of information designated Confidential Information by any party to persons retained to act as experts or consultants in this action, counsel for that party shall require such persons to agree to the terms of, and execute, a Nondisclosure Agreement in the form attached hereto as Attachment "A".

9.	At least ten (10) business days prior to filing with this Court any motion, transcript of depositions, exhibit, answers to interrogatories, discovery response and/or other

documents and/or pleadings that contain Confidential Information, the filing party shall notify Dow Chemical.

10. Within five (5) business days after the issuance of a court order requiring the disclosure of any Dow Chemical Confidential Information, the party subject to such order shall notify Dow Chemical via its locally registered agent and via outside counsel for Dow Chemical as indicated in the signature block of this Stipulated Order. The party subject to such order shall not disclose any Dow Chemical Confidential Information pursuant to such order until Dow Chemical has had a reasonable opportunity to object or otherwise respond to such order, not to exceed ten (10) business days after receipt of notification.

11. At the conclusion of the proceedings in this action, all documents and information subject to this Order, including any copies or extracts or summaries thereof, or documents containing or derived from information taken therefrom, shall be returned to producing counsel. In lieu of return of such extracts or summaries, counsel may deliver to producing counsel an affidavit that such materials have been destroyed.

12. Each party's counsel may keep one copy for its files of any work product that may contain or reference Confidential Information. However, such copies shall be kept in a confidential manner and the Confidential Information shall retain its confidential status until it is destroyed as part of counsel's regular file retention and destruction process.

13. Nothing in this Order shall preclude any party from filing a motion seeking further or different protection from the Court under Rule 26(c) of the Federal Rules of Civil Procedure, or from filing a motion with respect to the manner in which Confidential Information

shall be treated at trial.  Any party seeking such relief with respect to this Order shall notify Dow Chemical at least ten (10) business days prior to the filing of such motion.

14.     This Stipulated Protective Order may be executed in counterpart by counsel herein.

Dated at Denver, Colorado, this 16th day of February, 2010.

BY THE COURT:

s/ Kathleen M. Tafoya

_____
UNITED STATES DISTRICT COURT

- -

STIPULATED AND AGREED BY:

Dated: _____, 2010                **FILICE BROWN EASSA & MCLEOD LLP**


By:_____
    GENNARO A. FILICE III
    RICHARD V. NORMINGTON
    MELANIE E. GRISWOLD
    Attorneys for Non-Party
    The Dow Chemical Company

Dated: _____, 2010                **BERG HILL GREENLEAF & RUSCITTI LLP**


By:_____
    ASIMAKIS D. IATRIDIS
    ANN M. RHODES
    JOSH A. MARKS
    MICHAEL B. ARNOLD
    Attorneys for Plaintiff
    BOCC of La Plata County, Colorado

**DAVIS GRAHAM & STUBBS, LLP**

Dated: _____, 2010


By:_____
    GAIL L. WURTZLER
    ROBERT WINSTON LAWRENCE
    Attorneys for Defendant
    Brown Group Retail, Inc.

**ATTACHMENT A**

**CERTIFICATION**

       I hereby certify my understanding that Confidential Information is being provided to me pursuant to the terms and restrictions of the Stipulated Protective Order Regarding the Protection of Confidential Information Produced by Non-Party The Dow Chemical Company in Discovery, filed on _____, 20__, in the United States District Court in the District of Colorado, Case No. 1:08 CV 00855 LTB KMT ("Order").  I affirm that I will never disclose in any manner any Confidential Information to any competitor of Dow Chemical that is engaged in the manufacture, design, formulation and/or commercial development of chlorinated solvent products, unless ordered by a Court of competent jurisdiction to do so or as otherwise allowed under this Order.

       I agree to be bound by the Order.  I will not reveal the Confidential Information to anyone, except as allowed by the Order.  I will maintain all such Confidential Information, including copies, notes, or other transcriptions made therefrom, in a secure manner to prevent unauthorized access to it.  No later than thirty (30) days after the conclusion of this action, I will return the Confidential Information, including copies, notes, or other transcriptions made therefrom, to the counsel who provided me with the Confidential Information.  I understand that violation of the Order may be punishable by the Court.  I hereby consent to the jurisdiction of the United States District Court in the District of Colorado for the purpose of enforcing the Order.

       I declare under penalty of perjury that the foregoing is true and correct and that this certificate is executed this ___ day of _____, 20__, at _____.

       By: _____
       Address: _____
                _____
       Phone: _____

       Signature: _____

- -