UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 08-cv-00855 LTB-KMT

THE BOARD OF COUNTY COMMISSIONERS
OF THE COUNTY OF LA PLATA, COLORADO,

     Plaintiff,

v.

BROWN GROUP RETAIL, INC.,
PLUMMER PRECISION OPTICS CO.,
BLUE JAUNTE COMPANY, INC., and
PLUMMER PRECISION OPTICS WESTERN DIVISION, INC.,

     Defendants.
_____

**BROWN GROUP RETAIL, INC.'S MOTION FOR SUMMARY JUDGMENT ON PLAINTIFF'S CLAIMS FOR RECOVERY OF ATTORNEYS' FEES**
_____

Pursuant to Fed. R. Civ. P. 56(b), Defendant Brown Group Retail, Inc. ("Brown Retail") moves for summary judgment on La Plata County's ("The County") claim for relief in its Third Amended Complaint ("Third Am. Compl.") [Docket No. 110] seeking:  (1) recovery of attorneys' fees as damages under its Second and Third Claims for Relief (unjust enrichment and negligence), and (2) recovery of certain attorneys' fees as response costs under the Comprehensive Environmental Response, Compensation, and Liability Act of 1980 ("CERCLA"), 42 U.S.C. §§ 9607 *et seq*.  Recovery of attorneys' fees under Colorado law and certain attorneys' fees requested under CERCLA are barred as a matter of law by the "American Rule" and applicable federal and state law.

## UNDISPUTED FACTS

The following facts are undisputed:

1. The County is seeking to recover attorneys' fees and costs it allegedly incurred in relation to its La Plata County Detention Center in Durango, Colorado ("The Property"). Third Am. Compl. pg. 20 at ¶ f(ii) [Docket No. 110].

2. The County seeks to recover a total of $151,182.51 in attorneys' fees as common law damages. *See* October 30, 2009 Report of Lori Potter (plaintiff's expert) (the "First Potter Rpt.") (Ex. 22),[1] Exhibit 9.

3. The County claims that its outside counsel, the law firm of Berg Hill Greenleaf & Ruscitti ("BHGR"), "created, maintained and regularly updated" a "cost database" to track various costs incurred by the County in this matter. *See* First Potter Rpt. at 2-3.

4. The County claims that it is entitled to attorneys' fees in the amount of $6,213.50 for the BHGR "cost database" as part of its response costs under CERCLA. *See* First Potter Rpt. at 3.

5. In preparing the cost database, the BHGR law firm received records from the County, placed bates numbers on them, segregated them into categories, and calculated interest on them. *See, e.g.,* First Potter Rpt., Exhibit 5.

6. The County claims that it is entitled to an amount of $16,361.56 for attorneys' fees incurred in "seeking to obtain insurance coverage" as part of its response costs under CERCLA. *See* First Potter Rpt. at 4.

---

[1] Brown Retail has separately filed a Combined Set of Exhibits for Summary Judgment Motions. The exhibit referenced in this Motion is included in that combined set.

**ARGUMENT**

I.    **The County May Not Recover Attorneys' Fees As Damages Under the American Rule.**

The well established "American" rule on attorneys' fees provides that each party to a lawsuit must bear its own attorneys' fees, and that these fees are not a recoverable cost of litigation. *See, e.g., Key Tronic Corp. v. U. S.*, 511 U.S. 809, 814-15 (1994); *see also Alyeska Pipeline Serv. Co. v. Wilderness Soc'y,* 421 U.S. 240, 247 (1975). This rule is based on the rationale that responsibility for one's own legal expenses encourages settlement of cases, and the rationale that the difficulty of ascertaining reasonable attorney fees in every case would impose a substantial burden on judicial administration. *Krystkowiak v. W.O. Brisben Companies, Inc.*, 90 P.3d 859, 869 (Colo. 2004), *citing Bernhard v. Farmers Ins. Exch.*, 915 P.2d 1285, 1287 (Colo. 1996).

Colorado follows the American rule, precluding awards of attorneys' fees except in the few narrow and rare circumstances that a specific contractual provision, statute, or procedural rule explicitly allows recovery. *See, e.g., Krystkowiak*, 90 P.3d at 869; *Allstate Ins. Co. v. Huizar*, 52 P.3d 816, 818 (Colo. 2002). Further, Colorado courts have specifically noted that recovery of attorneys' fees for tort claims is barred by the American rule. *See, e.g., Thurman v. State Farm Mutual Auto. Ins. Co.*, 942 P.2d 1327, 1329 (Colo. App. 1997), *citing Bunnett v. Smallwood*, 793 P.2d 157, 160 (Colo. 1990). In fact, the Colorado Supreme Court and the Tenth Circuit have stated that "attorney fees and costs are not considered actual damages because they are not the legitimate consequences of the tort or breach of contract sued upon." *Bunnett*, 793 P.2d at 160, *quoting Taxpayers for the Animas-La Plata Referendum v. Animas-La Plata*

*Water Conserv. Dist.*, 739 F.2d 1472, 1480 (10th Cir. 1984) (construing Colorado law) (internal quotations omitted).

Here, the County is asserting common law claims of unjust enrichment and negligence and seeks an award of $151,182.51 in attorneys' fees as a component of its damages. *See* Undisputed Fact No. 2. The County is barred from recovering attorneys' fees as damages under these claims absent a specific contractual provision, statute or procedural rule explicitly allowing for recovery of attorneys' fees. Examples of special circumstances in which recovery of attorneys' fees is allowed include: sanctions imposed against a party for frivolous claims, *see, e.g., City of Aurora v. Colorado State Engineer*, 105 P.3d 595, 618-19 (Colo. 2005); and sanction under Colo. Rev. Stat. § 13-17-201 when tort claims are dismissed under Rule 12(b) before trial, *see Krystkowiak*, 90 P.3d at 870. None of these special circumstances are present here. Further, the County has not cited to any specific contractual provision, statute or rule in its Third Am. Compl. that would otherwise allow recovery of attorneys' fees as damages. Therefore, the County is barred from recovering any attorneys' fees as damages.

## II.   **The County May Not Recover Its Attorneys' Fees as Response Costs Under CERCLA.**

Under CERCLA sections 107(a) and 113, a private plaintiff may only recover "necessary response costs" that are "consistent with the national contingency plan." 42 U.S.C. §§ 9607(a)(4)(B) and 9613(g)(2). The plaintiff has the burden of affirmatively proving that all costs incurred were in fact necessary. *See U. S. v. Hardage*, 982 F.2d 1436, 1442 (10th Cir. 1992).

In *Key Tronic v. United States*, the United States Supreme Court held that CERCLA "does not provide for the award of private litigants' attorneys' fees associated with bringing a

4

cost recovery action." 511 U.S. 809, 819 (1994). The Court based its holding on the rationale that: (1) the American rule prohibits recovery of attorney's fees absent explicit congressional authorization, 511 U.S. at 814-15, (2) the statutory language of CERCLA does not expressly allow for recovery of attorneys' fees, 511 U.S. at 817, and (3) to conclude that CERCLA's language *does* provide for recovery of attorneys' fees with the clarity required by the American rule "would be unusual if not unprecedented." 511 U.S. at 818.

In *Key Tronic*, the Court found that attorneys' fees incurred in preparing for litigation are not recoverable costs under CERCLA. *Id.* at 819. The Court also refused to allow recovery for other legal services including negotiations and certain non-litigation studies that *Key Tronic's* counsel prepared or supervised. 511 U.S. at 820. The Court carved out a small exception for certain types of non-litigation legal services performed in identifying PRPs, but only where such activity "benefit[s] the entire cleanup effort and serve[s] a statutory purpose apart from the reallocation of costs." 511 U.S. at 819. The Court concluded that attorneys' fees are not "necessary costs of response" if they relate to cost allocation or liability shifting, or if the activity's purpose is "primarily protecting [a party's] interests . . . [regarding] the extent of its liability." *Key Tronic*, 511 U.S. at 820-21.

### A. *Attorneys' Fees Incurred in Preparing a "Costs Database" Are Not Recoverable Costs Under CERCLA.*

Since the Supreme Court's holding in *Key Tronic*, courts have reinforced and expanded the realm of legal services that do not constitute "necessary response costs" and are thus not recoverable under CERCLA. *See, e.g., Atlantic Richfield Co. v. American Airlines, Inc.*, 98 F.3d 564 (10th Cir. 1996) (attorneys' fees incurred in negotiating a consent decree with EPA are not recoverable); *Syms v. Olin Corp.*, 408 F.3d 95, 104 (2d Cir. 2005) (attorneys' fees not

recoverable where attorneys' work did not lead to identifying any PRPs, primarily protected the interests of the plaintiff, and thus did not benefit the overall cleanup effort); *Calabrese v. McHugh*, 170 F. Supp. 2d 243, 267 (D. Conn. 2001) (attorneys' fees not recoverable where plaintiff did not present evidence that attorneys' work lead to discovery of any PRPs);  *Ekotek Site PRP Committee v. Self*, 1 F. Supp. 2d 1282, 1294 (D. Ut. 1998) (attorneys' fees incurred in maintaining a PRP database and conducting an audit of expenses not recoverable as "necessary response costs" under CERCLA).

In *Ekotek*, the plaintiff attempted to recover attorneys' fees and costs incurred in developing and maintaining a "PRP Database." 1 F. Supp. 2d at 1295.  The court found that while "[m]aintaining the database for all these years since its creation no doubt helped plaintiff keep track of generator volumes and settlements…[s]uch purposes are related to the reallocation of costs…and under *Key Tronic* those costs are not recoverable." *Id.* The plaintiffs in *Ekotek* also attempted to recover attorneys' fees incurred in conducting financial audits of various expenses incurred in the cleanup. *Id.*  Again, the court found that these fees were not recoverable because "the audits were not necessary to the cleanup, but rather concerned how much plaintiff actually owed with respect to that cleanup." *Id.*

Here, the County's attempt to recover attorneys' fees for its "costs database" (Undisputed Fact Nos. 3-5) is no different than the database in *Ekotek*.  The County's costs database, like the *Ekotek* database, does not further the cleanup activities but merely aids in the tallying and reallocation of costs.  Like the audit conducted in *Ekotek*, the County's costs database keeps track of the various amounts owed with respect to the cleanup, but is not necessary to the cleanup activity itself.

Further, to prepare the cost database, the County's counsel received records from the County, placed Bates numbers on them, segregated them into categories, and calculated interest on them. *See* Undisputed Fact Nos. 3-5. These activities are exactly the type of litigation-related costs found not be recoverable in *Key Tronic*. Therefore, the attorneys' fees incurred by the County in relation to its costs database are not recoverable under CERCLA.

### B. *Attorneys' Fees Incurred in Seeking Insurance Coverage Are Not Recoverable Costs Under CERCLA.*

Similarly, the County may not recover attorneys' fees incurred in seeking to obtain insurance coverage. At least one court has found that attorneys' fees incurred in seeking to obtain insurance coverage are not recoverable costs under CERCLA. *See Bancamerica Commercial Corp. v. Trinity Industries, Inc.*, 900 F. Supp. 1427, 1469, 1484 (D. Kan. 1995) (barring recovery of attorneys' fees as CERCLA response costs for a variety of litigation activities including researching available insurance coverage for cleanup costs), *aff'd in part and rev'd in part on other grounds by Bancamerica Commercial Corp. v. Mosher Steel of Kansas, Inc.*, 100 F.3d 792 (10th Cir. 1996). Obtaining insurance coverage does not aid in identifying PRPs nor directly benefit the cleanup as required by *Key Tronic.* 511 U.S. at 819. Rather, obtaining insurance coverage is merely another method of reallocating cleanup costs and protecting the plaintiff's interests and limiting its liabilities. *Id.*

Here, the County's attempt to recover attorneys' fees incurred in seeking to obtain insurance coverage must be rejected. *See* Undisputed Fact No. 6. Attorneys' activities relating to researching insurance coverage do not aid in identifying PRPs, but rather aid the County in reallocating costs and protecting its own interests. Therefore, recovery of these attorneys' fees under CERCLA is barred as a matter of law.

## **CONCLUSION**

For the reasons stated above, the Court should enter an order dismissing the County's claims to recover (i) attorneys' fees as common law damages and (2) attorneys' fees related to its costs database and pursuing insurance coverage as CERCLA response costs. These types of recovery are barred as a matter of law.

Dated:  April 16, 2010.

                                                             s/ Gail L. Wurtzler
                                                             Robert W. Lawrence
                                                             Gail L. Wurtzler
                                                             DAVIS GRAHAM & STUBBS LLP
                                                             1550 Seventeenth Street, Suite 500
                                                             Denver, CO  80202
                                                             Telephone:  (303) 892-9400
                                                             Facsimile:  (303) 893-1379
                                                             robert.lawrence@dgslaw.com
                                                             gail.wurtzler@dgslaw.com

                                                             ATTORNEYS FOR DEFENDANT
                                                             BROWN GROUP RETAIL, INC.

## **CERTIFICATE OF SERVICE**

I hereby certify that on the 16th day of April, 2010, a true and correct copy of the foregoing **BROWN GROUP RETAIL, INC.'S MOTION FOR SUMMARY JUDGMENT ON PLAINTIFF'S CLAIMS FOR RECOVERY OF ATTORNEYS' FEES** was filed and served via the CM/ECF e-file system upon the following:

Josh A. Marks (jam@bhgrlaw.com)
Asimakis D. Iatridis (adi@bhgrlaw.com)
Michael B. Arnold (mba@bhgrlaw.com)
Ann M. Rhodes (amr@bhgrlaw.com)
Berg Hill Greenleaf & Ruscitti LLP
1712 Pearl Street
Boulder, CO 80302

                                                  s/ Ann Garey