IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
LEWIS T. BABCOCK, JUDGE

Civil Case No. 08-cv-00855-LTB-KMT

THE BOARD OF COUNTY COMMISSIONERS OF THE COUNTY OF LA PLATA, COLORADO,

  Plaintiff,

v.

BROWN GROUP RETAIL, INC.,
PLUMMER PRECISION OPTICS CO.,
BLUE JAUNTE COMPANY, INC., and
PLUMMER PRECISION OPTICS WESTERN DIVISION, INC.,

  Defendants.
_____

ORDER
_____

  This environmental contamination case is before me on Defendant Brown Group Retail, Inc.'s ("Brown Group") Motion for Summary Judgment on Plaintiff's Claim for Civil Penalties under RCRA [Doc # 179]. After consideration of the motion and all related pleadings, I grant Brown Group's motion for the reasons set forth below.

## I. Facts

  Resolution of Brown Group's motion does not require a lengthy dissertation of the underlying facts in this case. The following brief narrative is drawn from all the dispositive motions that have been filed in this case and are undisputed for purposes of the current motion unless otherwise noted:

  In 1975, Outdoor Sports Industries, Inc. ("OSI") acquired vacant land located on Turner Drive in Durango, Colorado (the "Property") and built a lens manufacturing plant (the

"Facility") on it. Brown Group does not dispute that it is the successor- in-interest to OSI as a result of a series of transactions that need not be described in further detail for purposes of the present motion. For purposes of simplicity, "Brown Group" is hereinafter also used to refer to OSI.

From 1975-76 to 1979, Brown Group operated the Facility to produce optical lenses incorporated into rifle scopes and to assemble rifle scopes. Then, in September of 1979, Brown Group leased at least a portion of the Property and the Facility to Defendant Plummer Precision Optics - Western Division, Inc., a wholly owned subsidiary of Defendant Plummer Precision Optics Co., predecessor-in-interest to Defendant Blue Juante Company, Inc. (collectively "Plummer"). Brown Group also sold a substantial portion of its lens manufacturing equipment, material, and inventory to Plummer. Default Judgment was entered against Plummer on March 13, 2009, and its liability is not presently at issue.

From 1979 to 1982, Plummer continued to operate the Facility in the same or similar manner as Brown Group. Brown Group remained owner of the Property and the Facility and purchased lens from Plummer throughout this time. Plummer closed the Facility in late 1982.

In 1983, Plaintiff The Board of County Commissioners of the County of La Plata, Colorado's ("La Plata") purchased the Property and other assets from Brown Group's predecessor-in-interest. The Property is now the site of a detention center (the "Jail") and is currently owned by La Plata.

Chlorinated solvents of various types including trichloroethylene/trichloroethene ("TCE"); 1,1,1- trichlorethane ("TCA"); and 1,4 dioxane were used in the lens manufacturing process at the Facility. There is evidence that the Solvents have contaminated the Property's

groundwater and soil, as well as the indoor air at the Jail, and that this contamination may constitute a violation of the Resource Conservation and Recovery Act ("RCRA"), 42 U.S.C. §§ 6901 - 6992k (2006).

## II. Standard of Review

The very purpose of a summary judgment motion under Fed. R. Civ. P. 56 is to assess whether trial is necessary. *White v. York Int'l Corp.*, 45 F.3d 357, 360 (10th Cir. 1995). Rule 56 provides that summary judgment shall be granted if the pleadings, depositions, answers to interrogatories, admissions, or affidavits show that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). The non-moving party has the burden of showing that there are issues of material fact to be determined. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

A party seeking summary judgment bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the pleadings, depositions, interrogatories, and admissions on file together with affidavits, if any, which it believes demonstrate the absence of genuine issues for trial. *Celotex*, 477 U.S. at 323; *Mares v. ConAgra Poultry Co., Inc.*, 971 F.2d 492, 494 (10th Cir. 1992). Once a properly supported summary judgment motion is made, the opposing party may not rest on the allegations contained in the complaint but must respond with specific facts showing the existence of a genuine factual issue to be tried. *Otteson v. U.S.*, 622 F.2d 516, 519 (10th Cir. 1980); Fed. R. Civ. P. 56(e). These specific facts may be shown "by any of the kinds of evidentiary materials listed in Rule 56(c), except the pleadings themselves." *Celotex*, 477 U.S. at 324.

If a reasonable factfinder could not return a verdict for the non-moving party, summary judgment is proper and there is no need for a trial. *Celotex*, 477 U.S. at 323. The operative inquiry is whether, based on all documents submitted, reasonable factfinders could find by a preponderance of the evidence that the plaintiff is entitled to a verdict. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986). However, summary judgment should not enter if, viewing the evidence in a light most favorable to the nonmoving party and drawing all reasonable inferences in that party's favor, a reasonable factfinder could return a verdict for that party. *Anderson Liberty Lobby, Inc.*, 477 U.S. at 252; *Mares*, 971 F.2d at 494.

### III. Analysis

**A. Whether Brown Group's Motion is Properly Before the Court**

As a preliminary matter, I must address La Plata's argument that Brown Group's motion should be denied as procedurally defective because it improperly seeks disposition of only part of a claim. In support of this argument, La Plata cites authorities for the general proposition that summary judgment may not be utilized to dispose of only part of a claim. *See e.g. City of Wichita v. U.S. Gypsum Co.,* 828 F. Supp. 851, 869 (D. Kan. 1993), *rev'd on other grounds,* 72 F.3d 1491 (10th Cir. 1996).

In response, Brown Group emphasizes that its motion raises the issue of whether La Plata has constitutional standing to seek civil penalties, payable to the U.S. Treasury, as relief on its RCRA claim. Brown Group argues that since standing is a threshold jurisdictional issue it is proper for the Court to decide it at this time. *See e.g. Steel Co. v. Citizens for a Better Env't,* 523 U.S. 83, 94 (1998) (it is improper exercise of judicial authority to decide merits of claim before resolving jurisdictional objections). Furthermore, Rule 56(b), Fed. R. Civ. P., expressly provides

4

that a defendant may move for summary judgment "on all or part of the claim."

I agree that Brown Group's motion is properly before me at this time and proceed with the analysis of its merits.

**B. La Plata's Standing to Pursue Civil Penalties under RCRA**

I first note that the arguments raised by Brown Group regarding La Plata's recovery of civil penalties under RCRA are not precluded by the law of the case doctrine. In my ruling on Brown Group's Partial Motion to Dismiss Second Amended Complaint [Doc # 71], I declined to dismiss La Plata's claims for civil penalties on the basis that it was not entirely clear from La Plata's Second Amended Complaint whether La Plata was itself seeking to receive the benefit of the penalties authorized by Sections 6972(a) and 6928(a) & (g). I did not analyze all the circumstances under which civil penalties may be awarded under RCRA or La Plata's standing to seek these penalties and proceed with the analysis of these issues in the context of Brown's Group's motion for summary judgment.

RCRA's citizen-suit provision, 42 U.S.C. § 6972, which falls under Subchapter VII (Miscellaneous Provisions) of the Act, authorizes a civil action against any person (1) "who is alleged to be in violation of any permit, standard, regulation, condition, requirement, prohibition, or order which has become effective pursuant to this chapter" (*see* 42 U.S.C. § 6972(a)(1)(A)); or (2) "who has contributed or who is contributing to the past or present handling, storage, transportation, or disposal of any solid or hazardous waste which may present an imminent and substantial endangerment to health or the environment" (*see* 42 U.S.C. § 6972(a)(1)(B)). Section 6972(a) provides that the district court shall have jurisdiction to grant injunctive relief under both (1)(A) & (1)(B) and "to apply any appropriate civil penalties under section 6928(a)

5

and (g) of this title."

Section 6928 of RCRA falls under Subchapter III (Hazardous Waste Management (Refs and Annos)) of the Act. Section 6928(a) provides that a civil penalty may be assessed against any person who "has violated or is in violation of any requirement of this subchapter" in an amount not to exceed "$25,000 per day of noncompliance for each violation of a requirement of this subchapter." Section 6928(g) provides that "[a]ny person who violates any requirement of this subchapter shall be liable to the United States for a civil penalty in an amount not to exceed $25,000 for each such violation."

Interpreting Sections 6972(a) and 6928(a) & (g) according to the plain language of these statutory provisions, I conclude that there can be no award of civil penalties under RCRA in the absence of a violation of Subchapter III of the Act. In reaching this conclusion, I have considered authority to the contrary cited by La Plata and find it to be unpersuasive. Specifically, in *Clorox Co. v. Chromium Corp.,* 158 F.R.D. 120, 128 (N.D. Ill. 1994), the district court acknowledged that "[o]ne could interpret the language of [RCRA §§ 6972(a) & 6928] to allow for civil penalties only when a subchapter III violation is alleged" but concluded that such an interpretation would render Section 6972(a)'s language that a district court has jurisdiction to apply civil penalties under Section 6928(a) & (g) superfluous. Instead, I find the opposite to be true; that is, interpreting Section 6972(a) to allow for civil penalties in the absence of a RCRA Subchapter III violation renders Section 6972(a)'s language authorizing civil penalties only as appropriate under Section 6928(a) and (g) superfluous. Other courts have likewise concluded that civil penalties may only be awarded in a citizen suits alleging a violation of Subchapter III of RCRA. *See College Park Holdings, LLC v. Racetrac Petroleum, Inc.,* 239 F. Supp.2d 1334,

1348-49 (N. D. Ga. 2002) ( "... the citizen suit provision in 6972(a) only authorizes a district court to apply civil penalties under Subchapter III ....").

I must now consider whether La Plata has alleged a RCRA Subchapter III violation sufficient to support an award of civil penalties against Brown Group. La Plata's pending RCRA claim against Brown Group seeks relief for an alleged imminent and substantial endangerment under Section 6972(a)(1)(B). La Plata nonetheless asserts that it has shown that Brown Group "has violated" the hazardous waste requirements of Subchapter III of RCRA by "(i) committing open dumping violations; and (2) releasing and introducing solid and/or hazardous waste into the environment in violation of federal and state regulations."

Ignoring the contested nature of the allegations regarding a RCRA Subchapter III violation by Brown Group for purposes of the present motion only, these actions by Brown Group necessarily occurred in the past since Brown Group sold the Property in 1983 and has not conducted or overseen any manufacturing operations on the Property since that time. This incontrovertible fact forms the basis for Brown Group's argument that La Plata lacks standing to seek an award of civil penalties under the facts of this case. Specifically, Brown Group argues that La Plata does not have standing to seek an award of civil penalties for its alleged past Subchapter III violations because such an award will not redress its injury. In support of this argument, Brown Group cites *Steel Co., supra,* 523 U.S. at 106 and *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs., Inc.,* 528 U.S. 167, 187-88 (2000), wherein the Supreme Court, in analyzing analogous statutory provisions, recognized that private plaintiffs lack standing to seek civil penalties for violations that have abated by the time suit is filed because such penalties do not redress a cognizable injury. Stated succinctly, "[p]rivate plaintiffs, unlike the Federal

7

Government, may not sue to assess penalties for wholly past violations." *Laidlaw, supra,* 528 U.S. at 188.

La Plata attempts to circumvent the redressibility analysis in *Steel Co.* and *Laidlaw* by arguing that Brown Group's alleged violation of Section 6927(a)(1)(B) of RCRA is ongoing because Brown Group's past unlawful activities continue to present an imminent and substantial endangerment to the environment. However, since an award of civil penalties must be predicated on a violation of Subchapter III of RCRA, it is necessarily that violation - not the resulting
injury - that must be ongoing. Again, it is incontrovertible that Brown Group cannot presently be in violation of Subchapter III of RCRA due to its sale of the Property to La Plata decades ago.

The conclusion that La Plata does not have standing to seek civil penalties against Brown Group under the posture of its RCRA claims is consistent with the Supreme Court's recognition in *Laidlaw* that civil penalties provide redress to citizen plaintiffs who face injury as a consequence of "ongoing unlawful conduct" because "they encourage defendant to discontinue current violations and deter them from committing future ones." Because Brown Group has had no association with the Property since its sale to La Plata in 1983, the imposition of civil penalties in this case would not encourage Brown Group to discontinue any ongoing unlawful conduct or deter it from future violations. I am also unconvinced that an award of civil penalties would encourage Brown Group to undertake or pay for cleanup of the Property beyond what judgment in favor of La Plata on its RCRA claim would achieve.

### IV. Conclusion

For the reasons set forth above, IT IS HEREBY ORDERED that

8

1. Brown Group's Motion for Summary Judgment on Plaintiff's Claim for Civil Penalties under RCRA [Doc # 179] is GRANTED; and

2. La Plata may not recover civil penalties against Brown Group under RCRA even if it prevails on its RCRA claim at trial.


Dated: August   30  , 2010.

BY THE COURT:

   s/Lewis T. Babcock
Lewis T. Babcock, Judge