IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
LEWIS T. BABCOCK, JUDGE

Civil Case No. 08-cv-00855-LTB-KMT

THE BOARD OF COUNTY COMMISSIONERS OF THE COUNTY OF LA PLATA, COLORADO,

    Plaintiff,

v.

BROWN GROUP RETAIL, INC.,
PLUMMER PRECISION OPTICS CO.,
BLUE JAUNTE COMPANY, INC., and
PLUMMER PRECISION OPTICS WESTERN DIVISION, INC.,

    Defendants.
_____

ORDER
_____

This environmental contamination case is before me on Defendant Brown Group Retail, Inc.'s ("Brown Group") Motion for Summary Judgment on Plaintiff's Claim for Recovery of Attorneys' Fees [Doc # 180]. After consideration of the motion and all related pleadings, I deny Brown Group's motion for the reasons set forth below.

**I. Background**

Resolution of Brown Group's motion does not require analysis of facts relating to the contamination of the subject property. For present purposes, it is sufficient to note the following facts which are undisputed unless otherwise noted:

In 1983, Plaintiff The Board of County Commissioners of the County of La Plata, Colorado's ("La Plata") purchased land (the "Property") and other assets from Brown Group's predecessor-in-interest. The Property is located on Turner Drive in Durango, Colorado and is

now the site of a detention center (the "Jail"). La Plata subsequently determined that the Property, which had previously housed a lens manufacturing plant, was contaminated with chlorinated solvents at levels above state standards.

In connection with La Plata's purchase of the Property, the parties entered into a Commercial Contract to Buy and Sell Real Estate dated December 20, 1982 (the "Contract"). The Contract provides that "in the event of any litigation arising out of this contract, the court may award to the prevailing party all reasonable costs and expenses, including attorneys' fees."

La Plata has produced an expert report from Lori Potter (the "Potter Report") identifying $142,155.51 in "non-litigation" attorney fees as recoverable response costs under CERCLA. These fees include $6,213.50 for creating, maintaining, and updating a database to track non-litigation attorney fees; $16,361.56 for seeking insurance coverage for cleanup costs; and $116,346.50 associated with the investigatory stage of the case.

## II. Standard of Review

The very purpose of a summary judgment motion under Fed. R. Civ. P. 56 is to assess whether trial is necessary. *White v. York Int'l Corp.*, 45 F.3d 357, 360 (10th Cir. 1995). Rule 56 provides that summary judgment shall be granted if the pleadings, depositions, answers to interrogatories, admissions, or affidavits show that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). The non-moving party has the burden of showing that there are issues of material fact to be determined. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

A party seeking summary judgment bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the pleadings,

depositions, interrogatories, and admissions on file together with affidavits, if any, which it believes demonstrate the absence of genuine issues for trial. *Celotex*, 477 U.S. at 323; *Mares v. ConAgra Poultry Co., Inc.*, 971 F.2d 492, 494 (10th Cir. 1992). Once a properly supported summary judgment motion is made, the opposing party may not rest on the allegations contained in the complaint but must respond with specific facts showing the existence of a genuine factual issue to be tried. *Otteson v. U.S.*, 622 F.2d 516, 519 (10th Cir. 1980); Fed. R. Civ. P. 56(e). These specific facts may be shown "by any of the kinds of evidentiary materials listed in Rule 56(c), except the pleadings themselves." *Celotex*, 477 U.S. at 324.

If a reasonable factfinder could not return a verdict for the non-moving party, summary judgment is proper and there is no need for a trial. *Celotex*, 477 U.S. at 323. The operative inquiry is whether, based on all documents submitted, reasonable factfinders could find by a preponderance of the evidence that the plaintiff is entitled to a verdict. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986). However, summary judgment should not enter if, viewing the evidence in a light most favorable to the nonmoving party and drawing all reasonable inferences in that party's favor, a reasonable factfinder could return a verdict for that party. *Anderson Liberty Lobby, Inc.*, 477 U.S. at 252; *Mares*, 971 F.2d at 494.

### III. Analysis

**A. Whether Brown Group's Motion is Properly Before the Court**

I must first address La Plata's argument that Brown Group's motion should be denied as procedurally defective because it improperly seeks disposition of only part of a claim. In support of this argument, La Plata cites authorities for the general proposition that summary judgment may not be utilized to dispose of only part of a claim. *See e.g. City of Wichita v. U.S. Gypsum*

3

*Co.,* 828 F. Supp. 851, 869 (D. Kan. 1993), *rev'd on other grounds,* 72 F.3d 1491 (10th Cir. 1996). Rule 56(b), Fed. R. Civ. P., specifically provides, however, that a defending party may move for summary judgment on all or part of a claim. Brown Group's motion is therefore properly before me.

**B. Scope of Summary Judgment Motion**

Brown Group's motion specifically references the Potter Report which set forth the categories and amounts of "non-litigation" attorney fees set forth above and asks the Court to enter an order dismissing La Plata's claims to recover "(1) attorneys' fees as common law damages; and (2) attorneys' fees related to its cost database and pursuing insurance coverage as CERCLA response costs." To the extent that Brown Group's motion seeks a determination that La Plata cannot recover attorney fees on its common law claims of unjust enrichment and negligence, it has been rendered moot by the dismissal of those claims with prejudice. Furthermore, it is clear that Brown Group is not at this time challenging the $116,346.50 identified in the Potter Report for attorney fees incurred during the investigatory stage of the case; the reasonableness of the hourly rates charged; or the amount of time spent on the various tasks.

La Plata's response to Brown Group's motion introduced other issues bearing on the proper scope of the motion. First, La Plata reasonably assumed that Brown Group's motion was only addressed to the non-litigation attorney fees identified in the Potter Report and not to its litigation attorney fees. La Plata also introduced the attorney fee-shifting provision in the Contract, which was not addressed in Brown Group's motion, and argued that it allows for the recovery of all attorney fees incurred in connection with this case. In reply, Brown Group

4

asserted that its motion was directed towards both La Plata's non-litigation and litigation attorney fees and devoted 10 pages of analysis to the attorney fee-shifting provision in the Contract. As is customary in this case, La Plata sought to file a lengthy surreply to address the clarifications and new arguments set forth in Brown Group's reply but this motion was denied.

Under these circumstances and in the interest of fairness, I will limit my analysis to the issue of whether La Plata can recover its attorney fees related to its cost database and pursuing insurance coverage as identified in the Potter Report under the Comprehensive Environmental Response, Compensation, and Liability Act of 1980 ("CERCLA"), 42 U.S.C. §§ 9607 *et seq*. La Plata's recovery of its litigation attorney fees under the attorney fee-shifting provision in the Contract or otherwise will be addressed, if necessary, post-trial.

## C. Recovery of Attorney Fees under CERCLA

In *Key Tronic Key Tronic Corp. v. United States,* 511 U.S. 809, 819 (1994)*,* the Supreme Court held that "CERCLA § 107 does not provide for the award of private litigants' attorney's fees associated with bringing a cost recovery action." The Supreme Court went on to note that this holding "does not signify that all payments that happen to be made to a lawyer are unrecoverable expenses under CERCLA." *Id.* at 819-20. Rather, "some lawyers' work that is closely tied to the actual cleanup may constitute a necessary cost of response in and of itself under the terms of § 107(a)(4)(B)." *Id.*

Applying these general principles, the Supreme Court further held that attorney fees the plaintiff incurred for work performed in identifying other potentially responsible parties ("PRPs") were recoverable under CERCLA. *Id.* At 820. In support of this conclusion, the Supreme Court noted that this work might well be performed by non-lawyers and that it

5

increased the probability that a cleanup would be effective and paid for. *Id.* Conversely, the Supreme Court held that attorney fees plaintiff incurred in negotiating a consent order with the EPA were not recoverable under CERCLA since these negotiations primarily served to protect the plaintiff's interests though they may have also affected the ultimate scope and form of the cleanup. *Id.*

Brown Group argues that La Plata's attorney fees related to its cost database and pursuing insurance coverage are precluded under *Key Tronic* because there is no evidence that these fees were incurred seeking to identify PRPs. This argument is predicated on a reading of *Key Tronic* that is too narrow. The Supreme Court did not say that a CERCLA plaintiff may only recover attorney fees incurred in identifying other PRPs or that its rationale for allowing recovery under the facts presented in that case could not be extended to other circumstances. Thus, under *Key Tronic*, a CERCLA plaintiff may recover attorney fees if the fees were incurred for the primary purpose of effectuating a cleanup of environmental contamination. Factors relevant to this analysis include whether the work could have been performed by non-lawyers or served a statutory purpose apart from the reallocation of costs. The other authorities cited by Brown Group do not dictate a contrary conclusion. *See e.g. Atlantic Richfield Co. v. Amer. Airlines, Inc.,* 98 F.3d 564, 571 (10th Cir. 1996) ("*Key Tronic's* holding that fees incurred in identifying [PRPs] can be recovered did not change the rule in this circuit that ... nonlitigation fees are recoverable."); *Ekotek Site PRP Comm. v. Self,* 1 F. Supp. 2d 1282, 1295 (D. Utah 1998) (costs related to PRP database were not recoverable under *Key Tronic* because its purposes related to the reallocation of costs).

I turn now to the question of whether the attorney fees at issue were incurred for the primary purpose of effectuating cleanup of the Property in light of the factors set forth in *Key Tronic*. La Plata first argues that the fees incurred in relation to its cost database are recoverable because, among other things, the database (1) is required by CERCLA's National Contingency Plan; (2) ensures that La Plata will have funds available to complete the various steps of the cleanup; (3) enables it to control cleanup costs; and (4) could be maintained by non-lawyers. Since its argument against the recovery of these fees is predicated on its narrow reading of *Key Tronic,* Brown Group failed to address if there are any genuine issues of material fact as to whether these fees were incurred for the primary purpose of effectuating cleanup of the Property. Brown Group has therefore failed to meet its burden under Rule 56 regarding these fees.

La Plata next argues that its attorney fees incurred seeking insurance coverage are recoverable because, among other things, obtaining insurance coverage (1) increases the likelihood that a cleanup will occur; (2) reduces the liability of all parties and therefore does not reallocate costs; and (3) is analogous to fees incurred pursuing payment from PRPs. On its face, this argument is unconvincing. Nonetheless, Brown Group has likewise failed to meet its burden of showing that there are no genuine issues of materials fact as to whether these fees were incurred for the primary purpose of effectuating cleanup of the Property.

## IV.  Conclusion

For the reasons set forth above, IT IS HEREBY ORDERED that Brown Group's Motion for Summary Judgment on Plaintiff's Claim for Recovery of Attorneys' Fees [Doc # 180] is DENIED.


Dated: September   2  , 2010.

BY THE COURT:


  s/Lewis T. Babcock
Lewis T. Babcock, Judge