IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
LEWIS T. BABCOCK, JUDGE

Civil Case No. 08-cv-00855-LTB-KMT

THE BOARD OF COUNTY COMMISSIONERS OF THE COUNTY OF LA PLATA, COLORADO,

       Plaintiff,

v.

BROWN GROUP RETAIL, INC.,
PLUMMER PRECISION OPTICS CO.,
BLUE JAUNTE COMPANY, INC., and
PLUMMER PRECISION OPTICS WESTERN DIVISION, INC.,

       Defendants.
_____

ORDER QUASHING SUBPOENA FOR WALTER AVRAMENKO
_____

       Pursuant to Fed. R.Civ. P. Rule 45, the Colorado Department of Public Health and Environment filed a motion to quash Plaintiff's subpoena of one of its employees, Mr. Walter Avramenko, as a witness for the trial on the merits. The Court, having considered the information provided by the Parties and the arguments made at the hearing held on September 10, 2010, hereby finds and concludes:

       1. The official records at the Colorado Department of Public Health and Environment are available to all parties in this case if any of them want to submit them as evidence at trial;

       2. None of the parties deposed Mr. Avramenko during discovery in this case and have not identified any factual issues to be determined in trial to the Court of which Mr. Avramenko has personal and specific knowledge (*see* F.R.E. Rules 602 & 702);

       3. Mr. Avramenko does not have firsthand knowledge of any of the facts at issue in the

trial of this case (*see* F.R.E. Rules 602 & 701), and any other factual information he has is either hearsay or is cumulative to information that can be submitted by the parties through other witnesses (*see* F.R.E. Rule 703);

4. Mr. Avramenko does not have any opinions to give in this case which otherwise might be admissible from a lay witness under F.R.E. Rule 701;

5. Applicable law prohibits the parties from soliciting Mr. Avramenko to give an expert opinion based upon his scientific, technical, or other specialized knowledge within the scope of F.R.E. Rule 702;

6. Applicable law prohibits any of the parties from soliciting information from Mr. Avramenko that is subject to the deliberative process privilege; and

7. Based upon these findings, the subpoena for Mr. Avramenko is unreasonable and unduly burdensome.

IT IS THEREFORE ORDERED that the Colorado Department of Public Health and Environment's Motion to Quash Subpoena or, in the Alternative, Motion for Protective Order under F.R.C.P. 45 [Doc # 253] is GRANTED, and Mr. Avramenko is hereby released from appearing in this case.

Dated: September   10  , 2010.

                                          BY THE COURT:

                                            s/Lewis T. Babcock
                                          Lewis T. Babcock, Judge