IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
LEWIS T. BABCOCK, JUDGE

Civil Case No. 08-cv-00855-LTB-KMT

THE BOARD OF COUNTY COMMISSIONERS OF THE COUNTY OF LA PLATA, COLORADO,

       Plaintiff,

v.

BROWN GROUP RETAIL, INC.,
PLUMMER PRECISION OPTICS CO.,
BLUE JAUNTE COMPANY, INC., and
PLUMMER PRECISION OPTICS WESTERN DIVISION, INC.,

       Defendants.
_____

## ORDER
_____

This case is before me on Plaintiff The Board of County Commissioners of the County of La Plata, Colorado's ("La Plata") Motion to Clarify Findings of Fact, Conclusions of Law and Order [Doc # 323]. After consideration of the motion and all related pleadings, as well as the case file, I deny La Plata's motion as set forth below.

**I. Background**

On March 3, 2011, following a three-week trial to the Court, I entered my Findings of Fact, Conclusions of Law and Order (the "Order") in this environmental contamination case. *See* Doc # 316. In the Order, I allocated 75% of the amount of La Plata's future recoverable response costs to Defendant Brown Group Retail, Inc. ("Brown Group"). I further concluded that Brown Group was liable for future recoverable response costs that were presently determinable in the amount of $445,275. In arriving at this amount, I considered proposals from

the parties' experts that were presented at trial regarding the scope and cost of remediation and made findings and conclusions regarding the reasonableness of these proposals.

Pursuant to Fed. R. Civ. P. 54(b) and 60(a), La Plata now seeks to clarify and/or alter the Order relating to the recovery of future response costs. Specifically, La Plata seeks to amend the Order to add the following provisions:

> a. The reasonable remediation goals for the Property include achieving the Colorado groundwater standards at the Property boundary in a reasonable time, and ultimately at a later time over the entire Property; achieving the Colorado Soil Evaluation Values on the Property for the contaminants of concern; and confirmation in writing from CDPHE that no further remediation of the Property is required.
>
> b. All types of future activities (e.g., ground water treatment, soil treatment or excavation, institutional controls and indoor air monitoring) are subject to cost recovery if the circumstances show that the activities are necessary to achieve the cleanup goals and are consistent with the NCP. For purposes of determining the amount of Defendant's share of future costs, the recoverable costs shall be based on actual costs, not the cost estimates presented at trial.
>
> c. Defendant shall pay its share of CERCLA necessary response costs incurred by La Plata to achieve the stated reasonable remediation goals. Costs incurred pursuant to this provision are presumed to be recoverable as CERCLA necessary response costs but may be challenged by Defendant according to the provisions set forth herein on the basis of reasonableness, necessity, and compliance with the NCP.

## II. Standard of Review

Rule 54(b), Fed. R. Civ. P., provides that "any order ... that adjudicates fewer than all the claims or the rights and liabilities of fewer than all of the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities." Thus, Rule 54(b) recognizes that orders may be revised but provides no guidance as to when such revisions are appropriate. For the applicable legal standard then, I look to Fed. R. Civ. P. 60(a).

Rule 60(a) provides that prior to appeal a court "may correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record." A court may use Rule 60(a) "to resolve an ambiguity in its original order to more clearly reflect its contemporaneous intent and ensure that the court's purpose is fully implemented." *Burton v. Johnson,* 975 F.2d 690, 694 (10th Cir. 1992). A court may not, however, use Rule 60(a) "to reflect a new and subsequent intent because it perceived its original judgment to be incorrect." *Id. See also McNickle v. Bankers Life and Cas. Co.,* 888 F.2d 678, 682 (10th Cir. 1989) ("Rule 60(a) may be relied on to correct what is erroneous because the thing spoken, written or recorded is not what the person *intended* to speak, write or record. ... Rule 60(a) may not be used to change something that was deliberately done ...").

### III. Analysis

I agree with Brown Group that the proposed amendments would result in substantive changes to the Order and are therefore not authorized under Rule 60(a). In particular, La Plata seeks to significantly alter the remediation goals and CERCLA-compliant remediation activities that were previously determined in the Order. Although I recognized in the Order that a change in circumstances might warrant revisiting some of my findings and conclusions regarding the recovery of future response costs, La Plata has not identified any such change in circumstances and does not dispute Brown Group's assertion that it has done little, if anything, to implement any of the remediation activities for which I have already determined that Brown Group is 75% liable. The Order accurately reflects my intent regarding La Plata's recovery of future response costs under existing circumstances, and I therefore decline to amend it as proposed by La Plata.

IT IS THEREFORE ORDERED that La Plata's Motion to Clarify Findings of Fact, Conclusions of Law and Order [Doc # 323] is DENIED.

Dated: July   6  , 2011 in Denver, Colorado.

                                        BY THE COURT:

                                           s/Lewis T. Babcock
                                        LEWIS T. BABCOCK, JUDGE