IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
LEWIS T. BABCOCK, JUDGE

Civil Case No. 08-cv-00855-LTB-KMT

THE BOARD OF COUNTY COMMISSIONERS OF THE COUNTY OF LA PLATA, COLORADO,

       Plaintiff,

v.

BROWN GROUP RETAIL, INC.,
PLUMMER PRECISION OPTICS CO.,
BLUE JAUNTE COMPANY, INC., and
PLUMMER PRECISION OPTICS WESTERN DIVISION, INC.,

       Defendants.
_____

ORDER
_____

This case is before me on Plaintiff The Board of County Commissioners of the County of La Plata, Colorado's ("La Plata") Motion for Litigation Attorney Fees and Costs [Doc # 329] and Brown Group Retail, Inc.'s ("Brown Group") Motion Regarding Litigation Attorney Fees and Expenses [Doc # 330]. After consideration of the motions and all related pleadings, and for the reasons set forth below, I deny La Plata's motion and grant Brown Group's motion to the extent that it seeks the denial of La Plata's request for litigation attorney fees and costs. Brown Group's motion is denied to the extent that it seeks to deny La Plata "prevailing party" status in this case and to be awarded its litigation attorney fees and costs.

**I. Background**

On March 3, 2011, following a three-week trial to the Court, I entered my Findings of Fact, Conclusions of Law and Order (the "Order") in this environmental contamination case.

*See* Doc # 316. In the Order, I concluded that Brown Group was liable under CERCLA for 75% of La Plata's past and future recoverable response costs incurred in connection with contamination at the subject property (the "Property") but that Brown Group was entitled to the entry of judgment in its favor on La Plata's RCRA claim.

La Plata now seeks to recover $1,831,689 in litigation attorney fees and costs pursuant to Fed. R. Civ. P. 54(d)(2) and an attorney fee provision in a 1982 Commercial Contract to Buy and Sell Real Estate (the "Contract") it entered into with Brown Group's predecessor in interest for purchase of the Property. Brown Group argues that the recovery of these expenses is not authorized by the Contract's attorney fee provision and that La Plata is not the "prevailing party" in any event. If I were to conclude that litigation attorney fees and costs associated with this case are recoverable under the Contract's attorney fee provision and that there is a "prevailing party" in this case, Brown Group argues that it should be awarded its litigation expenses as that party. There is substantial overlap between the motions, and they will therefore be addressed concurrently in this consolidated order.

## II.  Analysis

### A.  Recovery of Litigation Attorney Fees and Costs under the Contract

La Plata's request for its litigation attorney fees and costs is predicated on Paragraph 17 of the Contract which provides:

> 17.  Time is of the essence hereof. If any note or check received as earnest money hereunder, or any other payment due hereunder is not paid, honored or tendered when due, or if any other obligation hereunder is not performed as herein provided, there shall be the following remedies:
>
> (a)  IF PURCHASER IS IN DEFAULT, then all payments and things of value received hereunder shall be forfeited by Purchaser and retained on behalf of Seller and both parties shall thereafter be released from all obligations hereunder.

> It is agreed that such payments and things of value are LIQUIDATED DAMAGES and (except as provided in subparagraph (c)) are the Sellers SOLE AND ONLY REMEDY for Purchaser's failure to perform the obligations of this contract.  Seller expressly waives the remedies of specific performance and additional damages.
>
> (b) IF SELLER IS IN DEFAULT, (1) Purchaser may elect to treat this contract as terminated, in which case all payments and things of value received hereunder shall be returned to Purchaser and Purchaser may recover such damages as may be proper, or (2) Purchaser may elect to treat this contract as being in full force and effect and Purchaser shall have the right to an action for specific performance or damages, or both.
>
> (c) Anything to the contrary herein notwithstanding, in the event of any litigation arising out of this contract, the court may award to the prevailing party all reasonable cost and expense, including attorneys' fees.

There is no dispute that Colorado law governs interpretation of the Contract.  Colorado courts follow the "American Rule" of requiring each party to pay their own legal expenses absent statutory authority, an express contractual provision, or a court rule to the contrary. *In re Estate of Klarner,* 113 P.3d 150, 157 (Colo. 2005).  Contractual or statutory provisions in derogation of the American Rule are strictly construed. *See Crandall v. City & County of Denver,* 238 P.3d 659, 662 (Colo. 2010) (Colorado courts "narrowly construe limitations of the American Rule"); *Sotelo v. Hutchens Trucking Co.,* 166 P.3d 285, 287 (Colo. App. 2007) (statutory provision in derogation of the American Rule must be strictly construed). *See also Bunnett v. Smallwood,* 793 P.2d 157, 163 (Colo. 1990) ( "In the absence of a plain, unambiguous agreement for the award of attorney fees and costs, [Colorado courts] will not create such a remedy for the parties.").

Under Colorado law, the phrase "arising out of" in a fee-shifting provision in a real estate contract means "to originate from, grow out of, or flow from." *Roberts v. Adams,* 47 P.3d 690, 698 (Colo. App. 2001) (internal quotations and citation omitted).  La Plata argues that this

definition is satisfied in this case because it was the transfer of the contaminated property via the Contract that caused it to incur response costs.  The cases that La Plata cites to support this argument, however, are distinguishable.  For instance, in *Roberts*, the Colorado Court of Appeals held that a suit to collect money on a promissory note involving the same transaction and subject matter as a real estate contract arose out of the real estate contract so that its attorney fee provision was applicable.  *Id.* at 698.  Thus, the underlying litigation in *Roberts* was directly related to obligations created by the real estate contract.  *See also Breaker v. Corrosion Control Corp.,* 23 P.3d 1278, 1284 (Colo. App. 2001), *abrogated on other grounds by Ingold v. AIMCO/BLuffs, L.L.C. Apartments,* 159 P.3d 116, 124 (Colo. 2007) (claim arises out of or relates to agreement requiring arbitration if the factual basis implicates rights and obligations created by agreement).  Conversely, in this case La Plata's claims against Brown Group are unrelated to any obligation created by the Contract which is devoid of any disclosures, representations, or warranties regarding the property's condition.

  I also note that many of the cases cited by La Plata do not involve attorney fee provisions,  and the courts were therefore not applying the same level of scrutiny applicable to such provisions.  *See e.g. Coors Brewing Co. v. Molson Breweries,* 51 F.3d 1511, 1514 & 1515 (10th Cir. 1995) (recognizing strong federal policy favoring arbitration in construing arbitration clause containing phrase "arising from"); *Mardan Corp. V. C.G.C. Music, Ltd.,* 600 F. Supp. 1049, 1055 (D. Ariz. 1984) (release of all claims "based upon, arising out of or in any way relating to" purchase agreement by which the plaintiff acquired the property from the defendant barred CERCLA claim); *Azar v. Employers Cas. Co.,* 495 P.2d 554, 61 (Colo. 1972) (noting that phrase "arising out of the use of" in automobile liability policy has been construed "broadly and

comprehensively"). Many of these cases involved different language as well. *See e.g. Mardan, supra.*

Additionally, I must consider Paragraph 17 as a whole in construing the attorney fee provision set forth in Subparagraph (c). *See U.S. Fidelity Co. v. Budget Rent-a-Car Sys., Inc.,* 842 P.2d 208, 213 (Colo. 1992) (the meaning of a contract is determined "by examination of the entire instrument and not by viewing clauses or phrases in isolation"). Viewed as a whole, Paragraph 17 of the Contract authorizes three remedies if any payment due under the Contract is not made when due of if any other obligation under the Contract is not performed as specified. Under Subparagraph (c), one of these three remedies is that "in the event of any litigation arising out of [the Contract], a court may award to the prevailing party all reasonable costs and expenses, including attorney fees."

In sum then, Paragraph 17 authorizes an award of litigation attorney fees and costs at the discretion of the Court only in the case of litigation arising out of a failure to perform an obligation imposed by the Contract. Again, since it is devoid of any disclosures, representations, or warranties regarding the property's condition, La Plata's claims in this case are unrelated to any obligation under the contract. At a minimum, the inclusion of the attorney fee provision as a subparagraph to Paragraph 17 of the Contract creates an ambiguity as to its scope that precludes an award of litigation attorney fees and costs in this case. *See Bunnett,* 793 P.2d at 163 ( "In the absence of a plain, unambiguous agreement for the award of attorney fees and costs, [Colorado courts] will not create such a remedy for the parties.").

In light of the strict interpretation of attorney fees provisions under Colorado law and the language and terms of the Contract then, I conclude that the litigation of RCRA and CERCLA

claims in this case did not arise out of the Contract or any obligation created thereunder so as to allow an award of litigation attorney fees and costs to either party.

**B.  The "Prevailing Party" in This Case**

Although I have concluded that Paragraph 17(c) of the Contract does not support an award of litigation attorney fees and costs to either party, the question of which party, if any, was the "prevailing party" remains for purposes of Fed. R. Civ. P. 54(d)(1).  I have broad discretion in making this determination.  *Roberts v. Madigan,* 921 F.2d 1047, 1058 (10th Cir. 1990).

Here, although La Plata did not prevail on all of its claims or receive judgment in the full amount it requested, it did succeed in obtaining a sizeable judgment against Brown Group to cover the majority of its past and future response costs incurred to address the contamination at the Property.  In addition, the primary focus of the trial was the parties' respective responsibility for the contamination at the Property, the scope of that contamination, and appropriate remediation measures.  All of these issues are relevant to La Plata's CERCLA claim on which La Plata prevailed.   I therefore conclude that La Plata is the prevailing party in this case for purposes of an award of taxable costs under Fed. R. Civ. P. 54(d)(1).  *See Farrar v. Hobby,* 506 U.S. 103, 111-12 (1992) (under attorney fees provision set forth in 42 U.S.C. § 1988, "a plaintiff 'prevails' when actual relief on the merits of his claim materially alters the legal relationship between the parties by modifying the defendant's behavior in a way that directly benefits the plaintiff").

### III.  Conclusion

For the reasons set forth above, IT IS HEREBY ORDERED that

1.  La Plata's Motion for Litigation Attorney Fees and Costs [Doc # 329] is DENIED;

2.  Brown Group's Motion Regarding Litigation Attorney Fees and Expenses [Doc # 330] is GRANTED insofar as it seeks the denial of La Plata's request for litigation attorney fees and costs and DENIED in all other respects; and

3.  La Plata shall be awarded its taxable costs under Fed. R. Civ. P. 54(d)(1) as the prevailing party in this case.

Dated: October   17  , 2011 in Denver, Colorado.

BY THE COURT:

   s/Lewis T. Babcock
LEWIS T. BABCOCK, JUDGE