IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
LEWIS T. BABCOCK, JUDGE

Civil Case No. 08-cv-00855-LTB-KMT

THE BOARD OF COUNTY COMMISSIONERS OF THE COUNTY OF LA PLATA, COLORADO,

        Plaintiff,

v.

BROWN GROUP RETAIL, INC.,
PLUMMER PRECISION OPTICS CO.,
BLUE JAUNTE COMPANY, INC., and
PLUMMER PRECISION OPTICS WESTERN DIVISION, INC.,

        Defendants.
_____

ORDER
_____

This case is before me on Plaintiff The Board of County Commissioners of the County of La Plata, Colorado's ("La Plata") Objection to Taxation of Costs [Doc # 351]. For the reasons set forth below, I grant the objection in part and deny it in part.

**I. Background**

As the prevailing party in this case, La Plata sought an award of $141,753.61 in costs. After a hearing on December 14, 2011, the Clerk taxed costs in the amount of $41,547.52. La Plata objects to this cost award and asks the Court to instead tax costs in the amount of $127,640.89. The additional costs requested by La Plata consist of (1) $4,091.10 for additional deposition transcripts; (2) $12,733.62 for copying costs associated with discovery; (3) $39,101.94 for trial exhibit presentation costs; and (4) $30,166.71 for demonstrative exhibit preparation costs.

## II. Standard of Review

Pursuant to 28 U.S.C. § 1920, costs for deposition transcripts and for exemplification and copying may be taxed provided that these materials were "necessarily obtained for use in the case." The standard is one of reasonableness based on the particular facts and circumstances at the time the costs were incurred. *In re Williams Securities Litigation - WCG Subclass,* 558 F.3d 1144, 1148, (10th Cir. 2009). It does not allow for the recovery of costs that merely added to the convenience of counsel or the court or for materials produced solely for discovery. *Id.* at 1147.

Whether materials were necessarily obtained for use in the case is a question of fact left to my discretion. *Id.* at 1149. This discretion should, however, be "sparingly exercised with reference to expenses not expressly allowed by statute." *Tilton v. Capital Cities/ABC, Inc.,* 115 F.3d 1471, 1576 (10th Cir. 1997). The party seeking an award of costs bears the burden of showing the necessity of the costs incurred. *Allison v. Bank One – Denver,* 289 F.3d 1223, 1248 (10th Cir. 2002).

## III. Analysis

### A. Deposition Transcripts

The Clerk rejected La Plata's request for costs for 7 deposition transcripts because the transcripts were not used in a successful motion for summary judgment or at trial. La Plata argues that these transcripts were nonetheless necessarily obtained for use in the case because all of these depositions were either for witnesses who testified at trial; cited in support of a summary judgment motion; or for witnesses listed on Defendant Brown Group Retail, Inc.'s ("Brown Group") final witness list. La Plata also notes that Brown Group noticed all 7 of the depositions at issue.

Section 1920's authorization of deposition costs is broader than that taxed by the Clerk. *See In re Williams,* 558 F.3d at 1149 ("[A]ny rule that permits costs only for depositions received in evidence or used by the court in ruling on a motion for summary judgment is narrower than Section 1920."). Given the complexity of this case and the large number of potential witnesses identified by the parties, I conclude that it is appropriate to apply a broader analysis as to whether the subject depositions were necessarily obtained for use in the case.

Five of the seven witnesses whose deposition transcripts are at issue testified at trial, and the two remaining witnesses were listed by Brown Group as possible trial witnesses as late as September 8, 2010, which is less than one month before the commencement of trial. Under these circumstances and in light of the complex nature of this case, I conclude that the subject deposition transcripts were necessarily obtained for use in the case and that the associated costs in the amount of $4,091.10 are taxable to Brown Group.

**B. Copying Costs Associated with Discovery**

La Plata challenges the Clerk rejection of its request for copying costs in the amount of $12,733.62 consisting of (1) $3,886.98 for making working copies of Brown Group's disclosures that were provided in electronic format and of La Plata's original documents; (2) $5,301.00 for copying, scanning, and bates numbering documents La Plata produced in response to Brown Group's discovery requests; and (3) $3,545.64 for copying subpoenaed expert files.

The burden of justifying copying costs is not a high one. *In re Williams,* 558 F.3d at 1149. Nonetheless, the very description of the first and third categories of requested copying costs indicates that these costs were primarily incurred for the convenience of counsel. In addition, while copying costs associated with responding to Brown Group's discovery requests

might otherwise be recoverable, *see e.g. Crandall v. City & County of Denver,* 594 F. Supp. 2d 1250, (D. Colo. 2009), the bates numbering and scanning of these documents so they could be provided in electronic format likewise suggests that at least some of these costs lumped together in this category were incurred primarily for the convenience of counsel.  Under these circumstances, La Plata has not met its burden of establishing that the subject copies were necessarily made for use in the case and therefore taxable to Brown Group.

**C.  Trial Presentation Costs**

La Plata challenges the Clerk's rejection of its request for $39,101.94 in charges by Z-Axis, a third-party vendor which managed the electronic presentation of La Plata's exhibits at trial.  While the services provided by Z-Axis were no doubt helpful to the presentation of La Plata's case, I am unable to conclude that these services were necessary in light of the technology in the courtroom that was available for use by the parties.  I therefore conclude that the Clerk correctly determined that the charges for these services were not taxable to Brown Group.

**D.  Costs for Demonstrative Exhibits**

La Plata seeks an award of $30,166.71 for costs incurred preparing demonstrative exhibits.  As the fact finder in this case, I can readily attest to the value of the demonstrative exhibits that La Plata presented at trial, some of which were instrumental to my understanding of key issues and witness testimony in the case.  La Plata's recovery of the costs associated with these exhibits must be limited, however, in light of the supporting documentation.

La Plata's objection references six demonstrative exhibits prepared by Z-Axis.  The only detailed documentation La Plata provides in support of the related costs is an invoice totaling

$10,787.50 for pre-trial work relating to five exhibits.  In the absence of further documentation, I am unwilling to award La Plata an additional $20,000 for work done by Z-Axis on demonstrative exhibits during the trial when it had already billed La Plata a substantial amount for work on all but one of the exhibits identified by La Plata.  I therefore conclude that it is appropriate to tax Brown Group an additional $10,787.50 in costs relating to the preparation of La Plata's demonstrative exhibits.

### IV.  Conclusion

For the reasons+ set forth above, IT IS HEREBY ORDERED as follows:

1.  La Plata's Objection to Taxation of Costs [Doc # 351] is GRANTED IN PART and DENIED IN PART; and

2.  La Plata shall be awarded an additional $14,878.60 in costs for a total cost award in the amount $56,426.12 taxed against Brown Group.

Dated: February     22    , 2012 in Denver, Colorado.

BY THE COURT:

  s/Lewis T. Babcock
LEWIS T. BABCOCK, JUDGE